AMERICAN RAILWAY EXPRESS COMPANY, A CORPORATION, *Petitioner,* v. S. W. WEATHERFORD, *Respondent.*

Opinion Filed Janury 7, 1924.

1. The manifest purpose of the Constitution is to give to the Circuit Court "final appellate jurisdiction," by writ of error or appeal, of all causes originating in all courts of the State that are inferior to the Circuit Court, except convictions of felonies in the Criminal Courts of Record and except in probate and administration matters in the County Judge's Court.

2. The Supreme Court may issue writs of certiorari to appropriately review judgments of the Civil Court of Record that have been affirmed by the Circuit Court, but the provision of Section 3322, Revised. General Statutes of 1920, that on a writ of certiorari the Supreme Court shall have "the same power and authority in the case as if it had been carried by writ of error to the Supreme Court," cannot extend or enlarge the "appellate jurisdiction" of the Supreme Court as defined and limited by the Constitution.

3. Under the provisions of Section 3322, Revised General Statutes, 1920, of Florida, the Supreme Court should on writ of certiorari issued within the discretion of the court, review and determine all matters that may properly be done on such writs as their appropriate scope and use have been or may be developed by the decisions of this court, the purpose being to determine in each case whether the judgment sought to be reviewed is illegal or is essentially irregular or prejudicial and materially harmful to the party duly complaining.

4. In an application for a writ of certiorari to review the affirmance by the Circuit Court of a judgment of the Civil Court of Record, the court examines the petition and exhibits not for the purpose of finally determining the questions presented, but only so far as is necessary to ascertain whether the petition and exhibits show *prima facie* that a question is presented that may properly be reviewed on certiorari in such cases, the writ if issued being subject to be quashed if

on full consideration the judgment complained of should not be quashed. The usual final order on certiorari is to quash the writ or to quash the judgment reviewed on the writ.

5. Where upon full consideration it appears by the certified transcript of the record brought to the Supreme Court on writ of certiorari that the judgment rendered by the Civil Court of Record and affirmed by the Circuit Court, is in compliance with the essential requirements of the law, the writ of certiorari will be quashed.

Writ of certiorari quashed.

*Kay, Adams & Ragland,* for Petitioner;

*Milam & Milam,* for Respondent.

WHITFIELD, J.—In the Civil Court of Record for Duval County, Weatherford brought an action in tort to recover damages for personal injuries and for injuries to plaintiff's motor vehicle with side-car, alleged to have been caused by a collision with defendant's animal drawn delivery truck on Bay Street in the City of Jacksonville, Florida.

The amended declaration in three counts alleges that the defendant "by its agent or servant, carelessly or negligently operated an animal drawn delivery truck, the property of the defendant, on the wrong side of the street, that is to say, on the defendant's left hand side, as a result of which careless and negligent operation, and while plaintiff was slowly and carefully driving his motorcycle with side car near his right hand curb and traveling east, (1) the defendant's said vehicle approaching from the east was carelessly and negligently driven upon and against the plaintiff and his motorcycle with side car, greatly damaging said motorcycle and side car and painfully and grievously injuring the plaintiff; (2) the defendant's said vehicle approached

from the opposite direction and suddenly swerved to the opposite side of the street, that is, to the South side of said Bay Street, which was defendant's left and plaintiff's right; that the said operation and handling of the said defendant's delivery truck was carelessly and negligently done in the manner aforesaid, and that as a result of such careless and negligent driving, said vehicles and animals were driven upon and against the plaintiff on his motorcycle with side car, greatly damaging said motorcycle and side car and painfully and grievously injuring the plaintiff; (3) the defendant so carelessly and negligently drove an animal drawn delivery truck on Bay Street, a public street in Jacksonville, Florida, near its intersection with Stewart Street, in that the same was driven and operated on the wrong side of the street and at an excessive speed, that its vehicles and animals collided and struck a certain motorcycle with side car, the property of the plaintiff, being driven by the plaintiff, thereby greatly damaging said motorcycle and side car, and painfully and grievously injuring the plaintiff.''

The defendant pleaded the general issue and contributory negligence. At the trial verdict and judgment for $500.00 were rendered for the plaintiff. An appeal was taken to the Circuit Court under the statute, and the following judgment of affirmance was rendered:

''This cause is heard upon appeal from the judgment of the Civil Court of Record of Duval County. The record is voluminous, and the case vigorously contested on both sides; but what seems to me to be the controlling factor stands out clearly. The appellant's agent was driving a loaded, horses drawn truck westward on Bay Street near the Union Terminal Station. The Northerly side of the street was temporarily obstructed by a standing street car and some parked automobiles. Under these conditions

the driver elected to pass the street car to the left, rather than turn back or wait for the congestion to clear up. Under prevailing conditions this act on his part was highly dangerous to people traveling easterly in due course. He took a negligent chance and collided with the plaintiff to the latter's injury. The judgment of the court below is affirmed.''

On application to this court for a writ of certiorari to review the record of the judgment it was said ''in causes originating in the Civil Courts of Record and referred to in Section 3322, Revised General Statutes, 1920, where the probative force of the evidence affects the jurisdiction of the court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding or where there was serious misconduct involved in the finding, and material injury resulted to the petitioner therefrom, the court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail;'' and that ''If on final hearing and consideration of the matter'' that may properly be determined under writ of certiorari it appears that the proceedings in the lower court were within the jurisdiction of the court and were according to the essential requirements of the law or that no substantial injury reasonably could have resulted to the petitioner from the proceedings complained of, the writ of certiorari may be quashed.'' American Railway Express Company v. Weatherford, 84 Fla. 264, 93 South. Rep. 740.

A writ of certiorari was issued by this court.

The respondent moved to quash the writ of certiorari

upon grounds that Section 3322, Revised General Statutes, 1920, in so far as it provides in substance that the writ of certiorari shall have the effect of a writ of error is unconstitutional; and that the matters complained of are not cognizable by this court on writ of certiorari; and if so cognizable, they are not material or harmful errors.

The petitioner prays that the judgment be quashed or reversed, or that other appropriate relief be granted.

Section 3322, Revised General Statutes, 1920, is as follows:

"Where the circuit court has rendered a judgment in any case appealed from the civil court of record as provided by this title, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it has been carried by writ of error to the Supreme Court: *Provided*, That such petition must be filed within thirty days after the rendering of such judgment by the circuit court."

Section 5, Article V of the Constitution of Florida, contains the following: "The supreme court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts, and of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases originating in the circuit courts. The court shall have the power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction."

Section 11, Article V, provides that the Circuit Courts

"shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's courts, and of all cases arising before justices of the peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the legislature may provide."

The purpose of these organic provisions is to limit the appellate jurisdiction of the Supreme Court by writ of. error or appeal to cases originating in the Circuit Courts, to convictions of felonies in the criminal courts of record, and to probate matters on appeal to the Circuit Court from the County Judge's Court; and to give final appellate jurisdiction to the Circuit Court from the County Court, the County Judge's Court, misdemeanors in Criminal Courts, judgments or sentences in Mayor's Courts, and to causes arising before justices of the peace in counties in which there is no County Court.

Section 1, Article V, Constitution, having been amended so that other courts than those already established may be created by the legislature, the jurisdiction of such courts and the appellate jurisdiction of the already established courts over such newly created courts may be regulated by statute within the limitations contained in the constitution affecting the jurisdiction of such original courts.

The manifest purpose of the constitution is to give to the Circuit Courts "final appellate jurisdiction," by writ of error or appeal, of all causes originating in all courts of the State that are inferior to the Circuit Court, except convictions of felonies in the Criminal Courts of Record and except in probate and administration matters in the County

Judge's Court. This being so, the statute creating Civil Courts of Record properly gave the Circuit Court "appellate jurisdiction in all cases decided by the Civil Courts of Record in the same manner and with the same limitations as in writs of error from the Circuit to the County Court." Sec. 3321, Revised General Statutes, 1920.

It was also appropriate that the statute in Section 3322, Revised General Statutes, 1920, provide that "when the Circuit Court has rendered a judgment in any case appealed from the Civil Court of Record, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination," since by the constitution the Supreme Court has "power to issue writs of * certiorari." But the succeeding portion of Section 3322, that on a writ of certiorari issued to a judgment of the Circuit Court on an appeal from the Civil Court of Record, the Supreme Court shall have "the same power and authority in the case as if it had been carried by writ of error to the Supreme Court," is in conflict with the purpose of the constitution to give to the CircuitCourts "final appellate jurisdiction" in all cases arising in courts that are inferior to the Circuit Courts, with exceptions not material here.

. Perhaps in enacting the last quoted provision of Section 3322, the legislature contemplated the determination on certiorari, contrary to the decision in Barnett v. City of Jacksonville, 18 Fla. 523, of matters that may be presented by bill of exceptions in line with prior and subsequent decisions of this court. See Haile v. Bullock, 83 Fla. 538, 91 South. Rep. 683; Western Union Tel. Co. v. Wright, 79 Fla. 600, 84 South. Rep. 604; Holmberg v. Toomer, 78 Fla. 116, 82 South. Rep. 620; First Nat. Bank of Gainesville v. Gibbs,

78 Fla. 118, 82 South. Rep. 618; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663; Balbontin v. State, 68 Fla. 84.

The Federal Constitution provides that in all cases, under the Federal law (except those affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be a party, wherein the Federal Supreme Court has original jurisdiction), the United States Supreme Court "shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as Congress shall make."

Section 240 of the Federal Judicial Code provides: "In any case, civil or criminal, in which the judgment or decree of the circuit court of appeals is made final by the provisions of this title, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon the petition of any party thereto, any case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court."

This statutory provision is permissible under the Federal Constitution because the *appellate* jurisdiction of the Federal Supreme Court is conferred "with such exceptions, and under such regulations as the Congress shall make." Thus the *appellate* jurisdiction of the Federal Supreme Court is prescribed and regulated by statute and not by organic law.

Under the provisions of Section 3322, Revised General Statutes, 1920, of Florida, the Supreme Court should on writs of certiorari issued within the discretion of the court, review and determine all matters that may properly be done on such writs as their appropriate scope and use have been or may be developed by the decision of this court, the purpose being to determine in each case whether the judgment sought to be reviewed is illegal or is essentially irregular or

prejudicial and materially harmful to the party duly complaining. With this purpose in view, some of the matters that may be reviewed upon writ of certiorari allowed by the Supreme Court to judgments of the Circuit Courts on appeals from Civil Courts of Record, were stated in American Railway Express Co. v. Weatherford, 84 Fla. 264, 93 South Rep. 740.

In an application for a writ of certiorari to review the affirmance by the Circuit Court of a judgment of the Civil Court of Record, the court examines the petition and exhibits not for the purpose of finally determining the questions presented, but only so far as is necessary to ascertain whether the petition and exhibits show *prima facie* that a question is presented that may properly be reviewed on certiorari in such cases, the writ if issued being subject to be quashed if on full consideration the judgment complained of should not be quashed. The usual final order on certiorari is to quash the writ or to quash the judgment reviewed on the writ. First Nat. Bank v. Gibbs, 78 Fla. 118, 82 South. Rep. 618.

The writ of certiorari herein was issued because it appeared *prima facie* from a preliminary examination of the testimony, that negligence of the plaintiff may probably have contributed appreciably to the accident resulting in the injury complained of, which contributory negligence if duly shown would render the verdict and judgment contrary to the common law which governs in actions of this nature.

But upon a full consideration of the entire record including all the testimony adduced at the trial, which is duly authenticated by bill of exceptions and by statute made a part of the record in the cause, it does not clearly appear from the entire evidence as against the finding of the jury approved by the trial court, (see City of Miami v. Mathews.

decided at this term) that there was such negligence of the plaintiff that proximately contributed to the. injury complained of as to bar a recovery. There is no fatal variance between the essential allegations of the declaration and the proof.

It appears that a street car facing east was standing on its track in the middle of the street, that the side of the street north of the street car was obstructed and that the defendant's horse drawn heavily laden truck coming from the east attempted to pass around the street car on the south side of the street to the truck driver's left, the plaintiff with two others in his motorcycle and side car- suddenly appeared going east between the street car and a vehicle that stood next to the south curb of the street. The injury by collision resulted. In attempting to pass around the street car to the truck driver's left, it was incumbent upon him to take all reasonable care and precaution demanded by the circumstances to avoid collision with any vehicle that may be rightfully going east along the south side of the street car. The unusual movement was by the defendant's truck driver in passing around the street car to the left, and the more care should have been exercised by him. The plaintiff was proceeding along the proper side of the street to the south of the street car. He attempted to pass between the street car and the vehicle standing next to the south curb of the street. When he suddenly met the truck, he doubtless had passed the west end of the street car without seeing the truck meeting him coming from the east. Likewise, when the defendant's truck driver attempted to pass around the street car to the truck driver's left, the truck driver perhaps did not see the plaintiff meeting him until too late to avoid the accident. There was not room enough for the plaintiff's motorcycle with side car and defendant's truck to pass each other safely be-

tween the street car and the vehicle standing by the south curb of the street. It was the truck driver's duty to exercise extra care in the unusual passing to the left; and obviously the trial court and jury did not believe from his and other testimony that the truck driver did exercise the care required of him under the circumstances. This afforded a ground of liability against the defendant, and this liability is not clearly negatived by a controlling showing of contributory negligence. The action of the trial judge in rendering judgment on the verdict and the order of the Circuit Judge affirming the judgment accord with these views of the probative effect of the evidence under the principles of law applicable to the case.

The judgment of the Civil Court of Record as affirmed by the Circuit Judge comports with the essential requirements of the law, therefore the writ of certiorari issued herein is quashed. It is so ordered.

TAYLOR, C. J., AND BROWNE AND TERRELL, J. J., concur.

ELLIS, J., concurs in the conclusion.

WEST, J., not participating.