ATLANTIC SHELL COMPANY, a Corporation, *Petitioner*, v. WELDED STEEL PRODUCTS COMPANY, *Respondent*.

Division B.

Opinion filed June 13, 1929.

Petition for rehearing denied June 25, 1929.

*Martin H. Long* and *Fred H. Valz* for petitioner;

*Baker, Baker & Rutherford* and *Martin Sack* for Respondent.

PER CURIAM.—An action was brought in the Civil Court of Record for Duval County to recover damages for the conversion of "one barge, 16 ft. x 30 ft. x 5 ft. deep, consisting of two (2) steel pontoons, each 5'—00" deep, 8'—0" wide and 30'—0" long."

The following pleas were filed:

1. That it is not guilty.

2. That the said goods were not nor was any of them the Plaintiff's, as alleged.

3. That the plaintiff was not entitled to the possession of said goods at the time of the alleged conversation.

4. That the plaintiff delivered the goods the value of which it is sought to recover in this suit to the dredge ''Seminole''; that the dredge ''Seminole'' was engaged in dredging operations near Sanford, Florida, and that the property, the value of which it is sought to recover herein, constituted a part of her equipment and was necessary to her successful operation as a dredge; that the said dredge ''Seminole'', her engines, boilers, machinery, tackle, apparel and furniture and all of her equipment were duly seized under and by virtue of a certain writ of attachment issuing out of and under the seal of the United States District Court for the Southern District of Florida, in a certain cause therein pending in Admiralty, wherein one Fitts was libellant, and in which cause there were various intervening libellants; that the said dredge and all of her equipment, including the property, the value of which is sought to be recovered herein, were ordered sold at public sale, by the United States District Court for the Southern District of Florida; that due notice of such sale was given by the United States Marshal for the Southern District of Florida, in accordance with said order and said property was duly sold at public sale by the said United States Marshal in front of the United States Court House or post office building in the City of Jacksonville, Florida, on the date fixed

in said order, and same was purchased by this defendant and this defendant says that by virtue of the said sale it acquired an absolute and indefeasible title to said property.''

A motion was made to strike the fourth plea on grounds that (1) it is so framed as to hinder, embarrass and delay a fair trial; (2) it "tenders no material issue not admissible under the defendant's second plea", (3) it is duplicitous. The motion to strike the fourth plea was sustained. Issue was joined on the other three pleas. A judgment for the plaintiff was affirmed by the Circuit Court. A writ of certiorari was issued here. There is a motion to quash the writ. On Certiorari the ultimate judgment is either that the judgment complained of be quashed because not in accordance with the essential requirements of the law, or that the writ of certiorari be quashed. First Nat'l Bank of Gainesville v. Gibbs et al., 78 Fla. 118, 82 So. 618; Coe-Mortimer Co. v. State of Florida, 81 Fla. 701, 88 So. 475.

Conceding, but not deciding, that it was error to strike the fourth plea on the grounds stated in the motion to strike, the evidence that was admissible under the fourth plea could have been adduced under the second plea; and the defendant did offer evidence of that nature; but it was excluded as not being properly sustained or connected.

There was testimony for the plaintiff that the barge described in the declaration was the property of the plaintiff and that it was not a part of the equipment of the dredge ''Seminole''; and that the property had been converted as alleged.

The defendant offered in evidence a report of the United States Marshal, an order of sale and an order of confirmation and a bill of sale. The report of the United States Marshal stated that the dredge ''Seminole'' was attached

and seized, that no release bond had been filed, that the expense of keeping the dredge decreased the amount to be ultimately received by the interested parties, and prayed that a decree of sale be made. The caption of the Marshal's report included "The American Dredge 'Seminole' her tackle, engines, furniture, apparel, etc., Respondent." The order was to "sell said dredge." The Marshal reported the sale of "the within named Dredge 'Seminole' ". The Court confirmed the sale and ordered the Marshal "to make a bill of sale of said Dredge Seminole, her tackle, engines, furniture, apparel, etc." The Marshal's bill of sale covered "the Dredge 'Seminole' her engines, boilers, machinery, boats, tackle, apparel, appertinances and furniture." The Court properly excluded these documents as they were not adequate to prove any of the pleas that had been filed.

Neither the order of sale nor the confirmation expressly included the barge described in the declaration, and there was no offer to show that the sale proceedings in law or in fact included the barge alleged to have been converted.

As under the second plea the defendant could have proven the essential facts to sustain the averments of the stricken fourth plea, and as the defendant did offer evidence that was not properly supported or connected to show defendant's right or title to the property alleged to have been converted, there was a failure to prove a defense under any one of the pleas on which issue was joined or under the stricken fourth plea.

A judgment for the plaintiff was not contrary to the essential requirements of the law. The writ of certiorari will be quashed, First Nat'l Bank of Gainesville v. Gibbs et al., 78 Fla. 118, 82 So. R. 618; Am. Ry. Ex. Co. v. Weatherford, 86 Fla. 626, 98 So. R. 820; Orme v. State, 93 Fla. 519, 112 So. R. 297.

10 

It is so ordered.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.