POSTAL TELEGRAPH-CABLE COMPANY, a Corporation, *Petitioner,* v. W. F. BROOME, *Defendant.*

En Banc.

Opinion filed February 5, 1930.

*Shutts & Bowen,* for Petitioner.

*Leonard Epstein,* for Defendant.

DAVIS, Commissioner:

The Postal Telegraph-Cable Company, has filed here a petition for writ of *certiorari,* to be directed to the clerk of the civil court of record in and for Dade County, Florida, commanding him to transmit to this Court a true copy of the record in the case in said court, wherein W. F. Broome is plaintiff, and the said Postal Telegraph-Cable Company is defendant. It is made to appear by the petition that a judgment was entered in said cause in favor of the plaintiff and against the defendant, and that that judgment was affirmed on appeal to the circuit court of the Eleventh Judicial Circuit of the State of Florida.

Heretofore, cases brought to the Supreme Court, that originated in a civil court of record, have come by reason of the issuance of a writ of *certiorari* from this Court to some circuit court that had reviewed in appellate proceedings a judgment in a civil court of record. Palmer v. Johnson Const. Co., 97 Fla. 479, 121 So. R. 466; A. C. L. R. R. Co., 13 Florida F. 2 Co. 93 161, 113 So. R. 384; Am. Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. R. 820; Am. Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. R. 740; First National Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 So. R. 618; Holmberg v. Toomer, 78 Fla. 116; 82 So. R. 620; Harrison v. Frink, 75 Fla. 22, 77 So. R. 663.

Such having been the practice, it may be well for us to determine whether or not the Court, in the exercise of its discretion should issue a writ to the civil court of record, as prayed for in the petition.

"The circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the circuit to the Supreme Court." Sec. 5166, Comp. Gen. Laws of Fla. 1927.

"Where the circuit court has rendered a judgment

in any case appealed from the civil court of record as provided by this law, it shall be competent for the Supreme Court to require by *certiorari* or otherwise upon the petition of any party thereto any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by a writ of error to the Supreme Court: Provided, that such petition must be filed within thirty days after the rendering of such judgment by the circuit court. The Supreme Court shall make such rules and regulations as may be proper for the exercise of its powers under this law." Section 5167, Comp. Gen. Laws of Fla. 1927.

Section 5 of Article V of the Constitution gives to this Court:

"Appellate jurisdiction in all cases at law and in equity originating in circuit courts, and of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases originating in circuit courts."

And Section 11 of Article V of the Constitution gives to the circuit courts:

"Appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's court, and of all cases arising before justices of the peace in

counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide.''

The Constitution does not make mention of civil courts of record, but Section 1 of Article 5, as amended, declares that the judicial power of the state shall be vested in the courts therein designated, ''and such other Courts or Commissions as the Legislature may from time to time ordain and establish.''

The Constitutional provisions above referred to were reviewed by the Court in American Express Co. v. Weatherford, 86 Fla. 626, 98 So. R. 820, and it was then declared to be the purpose of such provisions to limit the appellate jurisdiction of the Supreme Court to such cases as come within the provision of said Section 5 of Article 5, and that: ''The manifest purpose of the Constitution is to give to the Circuit Court 'final appellate jurisdiction,' by writ of error appealed, of all causes originating in all courts of the State that are inferior to the Circuit Court, except convictions of felonies in the Criminal Courts of Record and except in probate and administration matters in the County Judge's Court. This being so, the statute creating Civil Courts of Record properly gave the Circuit Court 'appellate jurisdiction in all cases decided by the Civil Courts of Record in the same manner and with the same limitations as in writs of error from the Circuit to the County Court.' ''

Therefore there can now be no question about the circuit courts having the power to review on writ of error a judgment entered in the civil court of record.

''The office of the common law writ of *certiorari,* when

issued to review the proceedings of an inferior court, is to bring up for inspection the entire record of the proceedings of such court, in order that the superior court may determine therefrom whether the inferior court acted within its jurisdictional powers, or whether its procedure was essentially regular and in accordance with the requirements of law,'' (J. T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. R. 290; Hunt v. City of Jacksonville, 34 Fla. 504; 16 So. R. 398; First Nat. Bank of Gainesville v. Gibbs, *supra*) in cases where no direct appellate proceedings are provided by law. Am. Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. R. 740; Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 42 So. R. 714; Basnet v. City of Jacksonville, 18 Fla. 523; Mernaugh v. Orlando, 41 Fla. 433, 27 So. R. 34; Harris on Certiorari, pp. 37 and 19-20; 1 Bailey on Habeas Corpus, 624; 11 C. J. 113.

Section 5166 of the Compiled General Laws of Florida, 1927, hereinabove quoted, provides for a direct appellate proceeding from civil courts of record to the circuit court, and Section 5167 neither directly nor by implication provides for the issuance of a writ of *certiorari* from this Court to civil courts of record.

We might concede, without deciding, that under Section 5 of Article 5 of the Constitution a writ of certiorari will lie from this Court to civil courts of record, or ''to any of the inferior jurisdictions, whenever an appropriate case may be presented or it shall become necessary for the attainment of justice,'' and yet, this Court in the exercise of its discretion will not issue the writ when the statute has provided an ample remedy for the petitioner by granting to it the right of appeal to the circuit court, of which right the petitioner availed itself by writ of error. See Halliday v. Jacksonville & A. P. R. Co., 6 Fla. 304.

It is our conclusion that if the petitioner, the Postal

Telegraph-Cable Company, desires to have the case reviewed by this Court, it should be brought here by writ of certiorari directed to the circuit court and not to the civil court of record. The prayer of the petition will be denied.

Per Curiam.—The petition for writ of certiorari filed in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the prayer of the said petition be, and the same is hereby, denied.

Terrell, C. J., and Whitfield, Ellis, Strum, Brown and Buford, J. J., concur.