L. SALARIO, *Petitioner*, v. LATIN-AMERICAN BANK, a Corporation, and W. A. DICKENSON, Clerk of the Circuit Court, *Respondents*.

139 So. 899.

Division B.

Opinion filed February 17, 1932.

*R. J. Duff* and *L. D. McGregor,* of Tampa, for Petitioner;

*Jackson, Dupree & Cone,* of Tampa, for Respondents.

DAVIS, J.—The petitioner, L. Salario, filed his application in this Court for certiorari on January 5, 1932. The writ of certiorari was issued on said date to W. A. Dickenson, Clerk of the Circuit Court in and for Hillsborough County, directing said Clerk to transmit to this Court the record of a certain cause which had originated in the Civil Court of Record in and for Hillsborough County wherein the Latin-American Bank, a corporation, was plaintiff, and L. Salario was defendant.

Judgment in that cause was entered in the Civil Court of Record on December 8, 1931, in favor of the plaintiff, Latin-American Bank.

On December 31, 1931, Chapter 14663, Acts of 1931, abolishing the Civil Court of Record of Hillsborough County, became effective. By the terms of that Act it was provided that on December 31, 1931, all cases pending in the abolished Civil Court of Record should be transferred by the Clerk of said Court to the Circuit Court of the County and there docketed by the Clerk of the Circuit Court and said cases tried and disposed of in the Circuit Court.

As we have heretofore stated, the judgment of the Civil Court of Record was entered on December 8, 1931. It may be granted as true, therefore, that during the period of time intervening between December 8, 1931, and December 31, 1931, a writ of error might have been sued out from the Circuit Court to the Civil Court of Record for the purpose of having its judgment reviewed by the Circuit Court of Hillsborough County instead of by certiorari from this Court. But it is also true that petitioner did not file his petition for certiorari in this Court until January 5, 1932. This was after the abolition of the Civil Court of Record had become effective and was at a time when no writ of error could have been obtained by him either from the Circuit Court or from this Court.

The respondent named in the petition in this Court, Latin-American Bank, was plaintiff in the Civil Court of Record. The writ issued has not yet been returned, and accordingly respondent has appeared herein and filed its motion to supersede the writ of certiorari.

The motion is based upon seventeen grounds. Movant's claim is that the petition for certiorari afforded no basis for the issuance of the writ in the first instance

and that in consequence thereof it should now be superseded by this Court before it has been returned.

That a motion to supersede a writ of certiorari is the proper means by which to attack such a writ before the same has been returned into the Court from which it issued must be recognized by us as the proper practice. See Crandall's Practice, page 660.

After return of a writ of certiorari the proper practice is to move that the writ itself be quashed, if it be conceived that same cannot be legally maintained.

In the present case the principal argument in support of the motion to supersede the writ of certiorari is that while the cause passed to judgment in the Civil Court of Record on December 8, 1931, that it is nevertheless pending in the Circuit Court of Hillsborough County by virtue of the terms of Chapter 14663, Acts of 1931, which provided that all cases pending in the abolished Civil Court of Record should be transferred by the Clerk of said Court to the Circuit Court and there docketed by the Clerk of the Circuit Court to be tried and disposed of in the Circuit Court.

The case in question, however, originated in the Civil Court of Record and final judgment in it was entered in it by the Civil Court of Record and not by the Circuit Court. At the time the writ of certiorari was applied for in this Court no appellate proceedings had been taken to have the judgment of the Civil Court of Record reviewed by the Circuit Court on writ of error. While it is undoubtedly true, as movant contends, that a writ of error could have been sued out during the period of time intervening between December 8, 1931, and December 31, 1931, and this would have given the Circuit Court appellate jurisdiction to review the judgment had such writ of error been prosecuted, it is also true that no such writ of error was in fact sued out, nor attempted to be sued out, prior to the time that the Civil Court of Record

became actually *functus officio* under the statute. Nor was petitioner required by law to sue out such writ of error during that period. So the situation with which we are required to deal is therefore whether or not at the time the writ of certiorari was applied for here, there was any established means of appellate review which would have been followed by the petitioner after Chapter 14663, *supra*, went into effect on December 31, 1931, so as to preclude the use of certiorari because of the existence of an adequate remedy otherwise.

Under Section 5 of Article V of the Constitution the Supreme Court only has appellate jurisdiction in cases at law *originating* in the Circuit Courts. The present case did not "originate" in the Circuit Court of Hillsborough County because it was brought and prosecuted to a final judgment in the Civil Court of Record. This also was done at a time when the Circuit Court of Hillsborough County was without jurisdiction with regard to it except on appeal from the Civil Court of Record in the manner provided by law so long as that Court remained in existence. At the time the writ of certiorari in this case was applied for, namely, January 5, 1932, it is patent also that no writ of error could have been issued from the Circuit Court to the Civil Court of Record, because all jurisdiction of the Circuit Court of Hillsborough County to issue a writ of error on that date to review a judgment of the Civil Court of Record had been ended by the taking effect of the statute which had disestablished the Civil Court of Record of that County.

Such being the case, there was no adequate review provided by law to redress the fundamental errors complained of in the petition for certiorari, and therefore such writ of certiorari was properly applied for and issued on January 5, 1932, in the instant case.

The writ as issued was also properly directed to the Clerk of the Circuit Court of Hillsborough County as the

then custodian of the records of the abolished Civil Court of Record. See State ex rel. Landis v. Dickenson, opinion filed December 18, 1931.

The present motion does not involve the merits of the controversy, and we are therefore not called upon to determine at this time whether or not the judgment complained of, or the writ of certiorari issued with regard to it, should be quashed. That question is a proposition which it is proper to determine only after a return to the writ and after full argument and consideration on the merits of the case as presented by the record and briefs of the parties.

We hold, therefore, that when a case has originated in a Civil Court of Record and a judgment therein has been entered in such Civil Court of Record, and thereafter the Civil Court of Record is abolished by statute, so as to cut off the right to review the judgment by writ of error from the Circuit Court to such Civil Court of Record, that certiorari is a proper means to reach and correct errors apparent of record in the case as disposed of in the Civil Court of Record, which show that the latter Court did not proceed according to the essential requirements of law in rendering its judgment.

It follows that the motion to supersede the writ of certiorari must be denied and the cause retained for disposition in due course of law upon return to the writ.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.