**H. S. STANSELL, et al., v. MRS. LUCILE MINISH MARLIN, and FLORIDA INDUSTRIAL COMMISSION.**

14 So. (2nd) 892                     June Term, 1943
July 20, 1943                        En Banc
Rehearing Denied September 20, 1943

**422**

*Maguire, Voorhis & Wells,* and *W. H. Poe,* for appellants.

*Talbot Whitfield, Early Stark* and *Jack M. Green,* for appellees.

BUFORD, C. J.:

Appellee filed her claim as the widow and dependent of Robert C. Marlin who was fatally injured on June 26, 1942 while in the employ of the appellants, a co-partnership doing business under the firm name and style of Stansell, Ulmer and Stansell, for whom American Fire and Casualty Company, a corporation, was insurer. The insurer and carrier had its office in Florida located at Orlando, Fla., in Orange County.

The deputy commissioner found that the employee was fatally injured by an occurrence arising out of and in the course of his employment and made his award accordingly.

On appeal to the entire Commission the award was reversed. On appeal to the Circuit Court of Orange County the finding of the Commission was reversed and compensation was awarded.

The employee and the carrier bring the cause here for review of the judgment of the Circuit Court.

Two questions or contentions are presented, i. e. (1) Did the Circuit Court of Orange County have jurisdiction to hear and determine the question or issues presented on appeal? (2) Was claimant shown to be a dependent of deceased? In answer to the second question we hold that there is ample evidence to support the judgment of the Circuit Court.

The first question presents a matter on which honest and well founded legal opinions may differ.

. If we consult only the statutes and disregard the provisions of the Constitution, the appellants must prevail. The writer of this opinion and his concurring colleagues entertain the conviction that when the provisions of the Constitution, in the light of our former opinions and judgments, conflict with the letter of statutes the statutes must not be literally applied but must yield to a construction which will harmonize with the Constitution.

In the case of South Atlantic Steamship Company v. Tutson, et al., 139 Fla. 405, 190 So. 675, we held:

"The provision of Section 11, Article V, that the circuit courts shall have *final* appellate jurisdiction of stated classes of cases in lower judicial courts, does not apply to statutory appeals, from orders of statutory administrative tribunals. Section 11, Article V, also provides that 'the circuit courts shall have exclusive original jurisdiction in all cases at law not cognizable by inferior courts.' No court inferior to the circuit court has original jurisdiction to review or enforce the awards made by the Industrial Commission. That jurisdiction is expressly conferred on the circuit courts by the statute and the Constitution does not forbid appeals from the circuit courts to the Supreme Court of cases in which the Industrial Commission hears the evidence and makes an award that may be re-heard and enforced if a proper award, only by a circuit court, which is the first *court* in which the controversy may appear in the judicial department. Such first appearance of the cause in a court is on appeal from the administrative Commission to the circuit court.

The Workmen's Compensation law does not clearly confer 'judicial power' upon the Florida Industrial Commission in

administering the law, as may be done under Section 1, Article V, as amended; and such Commission now has administrative authority and duties only. Though the Commission has some procedular authority which may be regarded as quasi judicial to be exerted as an incident to, and in aid of, the administrative authority conferred, such Commission is essentially an administrative body. It has no authority to enforce its own orders or awards. This is done by the circuit courts in the exercise of original or supervisory jurisdiction under Section 11, Article V, Constitution. See statutory provisions in the Statement. First Nat. Bank v. Bebinger, 99 Fla. 1290, 128 So. 862.

"Under the Act of 1935, the circuit courts were authorized to try de novo cases from the Industrial Commission. This authority was eliminated in the amendments of the Act by Chapter 18413, Acts of 1937, but such amendment does not change the real nature of the proceedings in the Industrial Commission as being essentially administrative and not judicial. Nor does the amendment affect the acquisition of jurisdiction by the circuit court through the medium of *statutory* appeals especially provided for by the enactment.

"Under Section 1, Article V, Constitution, as amended in 1914, statutes confer upon civil courts of record *judicial powers* and 'cases' arising in such *courts* are *judicial* in their nature and origin. The *statutes in effect* give circuit courts *final* appellate jurisdiction of cases arising in civil courts of record, as Section 11, Article V, of the Constitution gives circuit courts final appellate jurisdiction of cases arising in *stated inferior courts;* and the *statutes expressly provide* for review of circuit court judgments on appeal from civil courts of. record to be by certiorari in the Supreme Court. See Am. Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. 820; A. C. L. R. R. Co. v. Fla. Fine Fruit Co., 93 Fla. 161, 112 So. 66; Postal Tel. Cable Co. v. Broome, 99 Fla. 272, 126 So. 149; State *ex rel.* v. Pattishall, 99 Fla. 296, 126 So. 147; Salario v. Latin Am. Bank, 104 Fla. 256, 139 So. 899.

"Section 4605 (2900) C.G.L. provides that: 'All proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error,

except in cases where certiorari or prohibition shall lie, or where it shall be otherwise expressly provided.'

"The Workman's Compensation Law, Chapter 18413, Acts of 1937, expressly provides for *an appeal* from the award of the Florida Industrial Commission (an administrative tribunal not vested with *judicial power*), to the circuit court *and for an appeal* from the circuit court to the Supreme Court. Such latter provision is not shown to violate Section 5, Article V, of the Constitution, though the judgment of the circuit court in such cases might be reviewed by the Supreme Court on certiorari if no statutory appeal be provided for. The apparent purpose of the statute is to have the judgments of circuit courts that are rendered on appeals from the Commission awards or orders reviewed by the Supreme Courts on writs of error to correct harmful errors, and not reviewed as on the discretionary constitutional writ of certiorari to quash the judgments if illegal or contrary to the essential requirement of the law with materially harmful results.

The exercise or jurisdiction under writ of certiorari is quite different from that exercised on appeal or writ of error. The former is a discretionary writ used to determine whether the essential requirements of the law have not been complied with to the material injury of petitioner. An appeal or writ of error is taken as matter of right to have determined whether harmful error has been committed. See Jacksonville T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Harrison v. Frink, 75 Fla. 22, 77 So. 663; Brinson v. Tharin, 99 Fla. 696, 127 So. 313.

In American Railway Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740, and 86 Fla. 626, 98 So. 820, this Court was considering the scope of judicial review by the Supreme Court on the common-law writ of certiorari when issued by this Court to the circuit court under Section 5, Article V, Constitution, where the judgment complained of was rendered in the civil court of record, and not an order made by an administrative commission and affirmed on appeal taken to the circuit court *under the statute*. See also State *ex rel.* v. A. C. & S. Co., 84 Fla. 123, 92 So. 871; Brison v. Tharin, 99 Fla. 696, 127 So. 313. In those and other somewhat similar

cases the statute *did not authorize* direct appeals or writs of error to the Supreme Court as in this case because the case *originated in a court inferior* to the circuit court, as to which the latter court was in effect given final appellate jurisdiction. In such cases, review by the Supreme Court may be on certiorari. See Sec. 4605 (2900) C.G.L. See also Salario v. Latin Am. Bank, 104 Fla. 256, 139 So. 899; State *ex rel.* v. Pattishall, 99 Fla. 296, 126 So. 147; Postal Tel. Cable Co. v. Broome, 99 Fla. 272, 126 So. 149; A. C. L. R. R. Co. v. Fla. Fine Fruit Co., 93 Fla. 161, 112 So. 66."

So, it is now settled that (1) when the jurisdiction of the Circuit Court is involved in cases of this sort such court assumes original jurisdiction of the cause for judicial determination; (2) that review by certiorari would fall short of the sphere of review as contemplated by the statute and (3) that the Supreme Court may review on appeal the (original) judgment of the circuit court.

Appellant contends that under the terms of the statute Section 8 of Chapter 20672, Acts of 1941, no Circuit Court in the State of Florida is vested with jurisdiction to entertain an appeal from an order either awarding or denying an award of compensation in case of an injury to one (brought within the terms of the Workmen's Compensation Act of Florida) who may suffer such injury outside the State of Florida, arising out of and in the course of his employment by an employer in this State.

To this we cannot agree.

When the terms of the Workmen's Compensation Act have been accepted by and put into operation by employer, carrier and employee the terms of the Act become a contract between the parties for compensation for any injury sustained by the employee arising out of and in the course of his employment, regardless of where the injury occurs.

It is not competent for the Legislature to provide that if one employee be injured in the domicile of the employer he may have his cause adjudicated by the courts of that jurisdiction in an original proceeding while if injured outside that jurisdiction he may only have review by certiorari, because

such legislation would violate the guarantee of equal protection clause of our Declaration of Rights.

As noted hereinbefore (Sou. Atlantic S.S. Co. v. Tutson, et al.) there is a vast difference between the relief which may be granted by a judicial tribunal exercising original jurisdiction and by a tribunal exercising the power of review under certiorari. As the Workmen's Compensation Act is silent as to the venue of Circuit Courts having jurisdiction of appeals (original jurisdiction) involving awards or disallowance of awards by the Industrial Commission where the injury occurred outside the State of Florida and as the Act together with the acceptance of the terms thereof by the employer, the carrier and the employee constitute a contract for compensation for injuries arising out of and in the course of employment, we may look to the general statutes governing venue applicable in suits on contract to determine whether or not the Circuit Court of Orange County, Florida, had jurisdiction of the justifiable issue.

Our general statutes governing venue and applicable here are Sections 46.01 and 46.02, Florida Statutes, 1941.

This is true because the rationale of our opinion in the case of Sou. Atlantic S. S. Co. v. Tutson, et al., supra, is that in these cases suit is filed in the Circuit Court giving that Court original jurisdiction to adjudge the rights of the parties under the terms of the contract by perfecting the appeal from the judgment (if it be a judgment) of the Industrial Commission to the Circuit Court.

So the judgment of the Circuit Court should be affirmed and the appellee should be awarded the sum of $250.00 as fees for her counsel on this appeal and other costs to be taxed by the court below.

So ordered.

Affirmed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.

BROWN, THOMAS and SEBRING, JJ., dissent.

THOMAS, J., dissenting:

I am unable to agree with the conclusion reached by a majority of the Court.

A deputy of the Florida Industrial Commission awarded compensation to the widow of a man who suffered, in Virginia, fatal injuries arising out of and in the course of his employment by a partnership existing in Florida. The matter was reviewed by the entire commission with the result that the order of the deputy was reversed and the claim dismissed. Appeal to the circuit court of Orange County was then prosecuted and the decision of the industrial commission was reversed. The case reached us on appeal from the circuit judge's order.

The question before us was occasioned by the action of the Legislature in amending Section 27(b), Chapter 18413, Laws of Florida, Acts of 1937, by Section 8, Chapter 20672, Laws of Florida, Acts of 1941. F.S.A. Sec. 440.27. By the earlier statute appeals could be heard by the circuit court of (1) the "Second Judicial District [sic]," or (2) the county where the injury occurred, but it contained an express provision that an appeal involving a claim for injuries happening outside of the state should be considered by the circuit court of the county where the employer maintained headquarters or an office, or such circuit court as should be agreeable to the parties or their attorneys.

It is strange that in the later, amendatory, act there was deleted any mention of an appellate tribunal in cases where the claim was founded upon injury suffered without the boundaries of Florida. Thus, an anomalous situation is created. There is no express statute giving any circuit court jurisdiction to hear appeals from those orders of the full commission reviewing cases where the injury to the employee did not happen in the State. The appellants challenged the right of the circuit court to consider the instant case on appeal and have renewed this challenge here.

I am not aware of any authority on our part to supplement the amendatory act of the Legislature by designating what tribunal, in the circumstances we have described, had power to entertain the appeal from the order of the Florida Industrial Commission. From my study of the act I am convinced that the Legislature deliberately and intentionally omitted the provisions formerly vesting jurisdiction of such

appeals in designated circuit courts. The reason of the legislative body for this deletion is not given, and in my opinion, is not the concern of this Court. It is beyond our province to hold that because jurisdiction is fixed to insure review of decisions of the commission in cases where the injury arose *within* the State of Florida we should supply in the act the title of those tribunals which should consider and determine appeals involving claims based on injury occurring *without* the State. It has been said that the object attempted to be accomplished by the Legislature had better fail than that the court should take the liberty of adding to or detracting from the words of a statute. Johnson v. Barham, 38 S. E. 136, 99 Va. 305, 310.

As a reply to the appellants' contention the appellees have drawn attention to a stipulation appearing in the record and have insisted that because of it jurisdiction of the circuit court may not now be questioned. An examination of this agreement does not lead me to the conclusion that the position is sound. It was: "that the hearing |be] held in Orlando by agreement between all the parties and authorization by the Commission." Plainly, this stipulation had reference only to the entertainment of the case by the deputy commissioner. I am unable to comprehend how that agreement could have vested in the circuit court of that county jurisdiction of the appeal. The acts of 1937 and 1941, which were quoted at the outset, contained identical provisions with reference to the place of the hearings before the deputy commissioner. They were required to be held where the injury occurred unless there was an agreement to the contrary between the parties sanctioned by the commissioner. In the event, however, a claim grew out of an injury that occurred outside the state such hearing was to "be held in the county of the employer's residence or place of business, or in any other county of the state which [would], in the discretion of the Commission, be the most convenient for a hearing." It will be seen that the stipulation, relied upon by the appellees as fixing the jurisdiction of the appeal, corresponded in phraseology with the provision of the act referring to the place of hearing of those cases arising from injuries received within the state.

If the injury occurred within Florida the deputy could hear the matter in a county selected by the parties if the commission approved. In the instant case, however, the deputy could have heard the testimony in the county where the employer resided or had its place of business, or in any other county which the commission, in its discretion, decided was convenient, irrespective of any stipulation. No stipulation of the parties was anticipated by the Legislature in cases of this character.

Finally, the appellees contend that under our decision in South Atlantic S. S. Co of Delaware v. Tutson, 139 Fla. 405, 190 So. 675, the case actually originated in the circuit court when the appeal was lodged there and that, therefore, the statute, Section 4222, C.G.L., 1927, Section 46.04, Florida Statutes, 1941, applies. Following this reasoning they insist that the suit should have been, and was, instituted in Orange County where the employer kept an office for the transaction of its business. This argument seems faulty because the question is not one primarily relating to the jurisdiction of this Court to hear an appeal from the circuit court but, on the contrary, is one dealing with the jurisdiction of the circuit court to entertain the case in the first instance. In other words, the cited case is authority for the consideration of the appeal from the order of the circuit court but we are principally concerned with the jurisdiction of that tribunal to entertain the appeal from the order of the Florida Industrial Commission.

I have the view that the circuit court had no jurisdiction because none was given it by the Legislature. Whether the appellees could have secured by certiorari a review of the action by the Florida Industrial Commission is not immediately presented.

BROWN and SEBRING, JJ., concur.