70 So.2d 345 (1953)
PHILLIPS
v.
CITY OF WEST PALM BEACH et al.
Supreme Court of Florida. Special Division B.
December 11, 1953.
Rehearing Denied January 26, 1954.
Harry Goodmark, West Palm Beach, for appellant.
Burns, Middleton & Rogers, West Palm Beach, for appellee.
HOLT, Associate Justice.
This is a workmen's compensation case. The facts are uncontroverted. The appellant was injured in July, 1945, while an employee of the City of West Palm Beach, Florida. In October, 1951, after appellant had previously received compensation in the amount of $4,279.50 under the workmen's compensation statutes for his injury, appellant's injured foot was amputated. In May, 1952, a deputy commissioner for the Florida Industrial Commission awarded additional compensation for the permanent loss of appellant's injured foot, provided that the total compensation, including compensation previously paid to appellant, should not exceed a maximum duration of 350 weeks, and the total amount should not exceed $5,000. The deputy commissioner's order was affirmed by the full Commission and the Circuit Court of Palm Beach County affirmed the order of the full Commission, hence this appeal by the claimant from the order of the Circuit Court.
It is the contention of appellant that the workmen's compensation statutes in existence at the time a permanent partial disability occurs, governs and controls the duration and total amount of compensation a claimant is entitled to, rather than the *346 statutes in existence at the time the injury occurs; and thus, it was error to limit the payment of compensation to 350 weeks duration and a total amount of $5,000, since these limitations were repealed by the 1951 Legislature, before the amputation of appellant's foot.
A perusal of the laws and statutes pertaining to the limitations of the total amount of compensation discloses that the original compensation laws, to wit: Section 20, subsection (m) of Chapter 17481, of the Laws of Florida of 1935, provided as follows:
"The total compensation payable under this Act for injury or death shall in no event exceed the sum of $5,000."
The Laws of 1937, Chapter 18413, § 9, amended Section 20, subsection (m) of Chapter 17481, supra, as follows:
"The total compensation payable under this Act for injury or death shall in no event exceed the sum of $5,000.00 in addition to any benefits under Section 13 for medical services and treatment and under Section 16(a) for funeral expenses."
The Laws of 1941, Chapter 20672, § 6, amended Chapter 17481, § 20, subsection (m) as amended by Chapter 18413, § 9, Laws of 1937, by substituting the word "disability" for the word "injury."
With the adoption of the Florida Statutes of 1941, § 20, subsection (m) of the Laws of 1935, as amended by the Laws of 1937, Chapter 18413, § 9, and the Laws of 1941, Chapter 20672, § 6, was revised and numbered Section 440.20, subsection (13) of the Florida Statutes of 1941, and reads as follows:
"The total compensation payable under this chapter for disability and death shall in no event exceed the sum of Five thousand dollars in addition to any benefits under § 440.13 for medical services and treatment and under subsection (1) of § 440.16 for funeral expenses."
The Laws of 1947, Chapter 23921, § 2, amended Section 440.20, subsection 13 of the Florida Statutes of 1941, and provided as follows:
"The total compensation payable under this chapter for disability and death shall in no event be payable for a period in excess of three hundred and fifty weeks in addition to any benefits under Section 440.13 for medical services and treatment, and under subsection (1) of Section 440.16 for funeral expenses."
With the adoption of the 1949 Florida Statutes, § 440.20, subsection (13), as amended by Chapter 23921, § 2, of the Laws of 1947, was revised and became Section 440.20, subsection (13) of the Florida Statutes of 1949.
The Laws of 1951, Chapter 26877, § 2, expressly repealed Section 440.20, subsection (13) of the Florida Statutes of 1949.
Both the adoption of Section 440.20, subsection (13) of the Florida Statutes of 1949, and the subsequent repeal thereof by Chapter 26877, § 2, of the Laws of 1951, substantially changed the liability of the employer from what it was when the injury occurred.
This Court has frequently ruled that the acceptance of the application of workmen's compensation statutes by the employer, employee, and insurance carrier constitutes a contract between the parties embracing the provisions of the statutes as they may exist at the time of any injury compensable under the terms of the statute. Fink v. Fink, Fla., 64 So.2d 770; Fidelity & Casualty Company of New York v. Bedingfield, Fla., 60 So.2d 489; Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486; Hardware Mutual Casualty Company v. Carlton, 151 Fla. 238, 9 So.2d 359; Stansell v. Marlin, 153 Fla. 421, 14 So.2d 892; and Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251.
The statute in existence and controlling at the time of the occurrence of the appellant's *347 injury was Section 440.20, subsection (13) of the Florida Statutes of 1941. This section explicitly and clearly provided a limitation of $5,000 as the total compensation to which a claimant was entitled thereunder. Lollie v. General American Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306; Stanley v. Liberty Mutual Insurance Company, Fla., 53 So.2d 309.
This Court is bound by the holding in Hardware Mutual Casualty Company v. Carlton, supra. To hold that Chapter 26877, § 2, of the Laws of 1951, is retroactive, would make it a violation of Section 10, Article 1 of the Constitution of the United States, and constitute it in impairment of the obligation of contract.
Affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.