70 So.2d 505 (1954)
HECHT et al.
v.
PARKINSON.
Supreme Court of Florida. Division A.
February 19, 1954.
Boyce F. Ezell, Jr., Miami, for appellants.
Dixon, DeJarnette & Bradford, Miami, for appellee.
SEBRING, Justice.
Charles William Hecht suffered an injury by accident arising out of and in the course of his employment. Within one year after the occurrence of the accident he died as the result of the injury. Subsequent to the date of the accident, but prior to his death, section 440.16, Florida Statutes 1951, was amended so as to enlarge the benefits accruing to the widow in case of the death of an injured claimant, F.S.A. § 440.16.
The real question on the appeal is whether the rights of dependents to workmen's compensation benefits are to be determined by the law in effect at the time of an employee's injury or at the time of his death.
It is held in this jurisdiction that the acceptance of the application of workmen's compensation statutes by the employer, employee and insurance carrier constitutes a contract between the parties embracing the provisions of the statutes as they exist at the time of any injury compensable under the terms of the statutes. Fink v. Fink, Fla., 64 So.2d 770; Fidelity & Casualty Co. of New York v. Bedingfield, Fla., 60 So.2d 489; Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486; Hardware Mutual Casualty Company v. Carlton, 151 Fla. 238, 9 So.2d 359; Stansell v. Marlin, 153 Fla. 421, 14 So.2d 892; Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251; and Phillips v. City of West Palm Beach, Fla., 70 So.2d 345.
*506 Inasmuch as the amendment to the statute involved in this controversy is one of substance rather than one of procedure, we have the view that the above principle is controlling, and that the widow's claim, under section 440.16, Florida Statutes 1951, F.S.A., is payable in accordance with the schedule effective at the time the employee sustained his injury, even though the amendment increasing such benefits became effective before the employee died.
Other questions raised by the appellants have been considered and are found to be without merit.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.