TERRELL, Justice.
Floyd Hyatt was employed by Armstrong Cork Company at McCloskey Shipyard, Tampa, Florida, from January 29, 1944, to August 13, 1945. While so employed he contracted asbestosis. He was last exposed August 13, 1945, the day he terminated his employment. He secured employment with other employers until August 12,. 1953, at which time his illness had progressed to the point that he was forced tO’ cease work and has since been totally disabled. In November, 1952, he had a chest' x-ray made and was told that he had silicosis. He became a patient of Dr. Brunner,, the County Health Doctor, and filed claim, for silicosis.
August 31, 1953, Hyatt, was examined' by Dr. I. B. Cippes and was told that he-had asbestosis. September 1, 1953, he-filed claim therefor, requesting that it serve as notice to the carrier of knowledge of his condition and disability as of August 12, 1953. A hearing was had by the Deputy Commissioner January 5, 1954. The carrier contended that the claim was-barred by the statute of limitations because the claimant had not given notice to his-employer within the time allowed by statute (ninety days) as required by order dated January 12, 1954. The Deputy Commissioner found that the claim was not so> barred because the claimant did not become aware of the nature of the injury or occupational disease until August 31, 1953, although his last injurious exposure was in 1945. The Deputy Commissioner awarded the claimant permanent total compensation benefits from August 16, 1953.
From the said order the carrier appealed to the full Commission which on May 4, 1954, found that the contention of the employer that the statute of limitations had' run against the claim was not well founded. The full Commission also found that the statute of limitations in existence in 1953 (two years) and not the one year period of the 1945 Act controlled. The following portion of the order of the full Commission is pertinent and is as follows :
“Certainly the two year period for filing a claim under Section 440.19 had not expired upon the date that the claim was filed. The time of injury for an occupational disease is the date of an employee’s becoming actually in *795 capacitated. The claimant was not totally incapacitated by the occupational disease of asbestosis, as is required before compensation can be paid under section 440.151(6) (c), until August 12, 1953. Claim was filed on September 1, 1953, and notice given to the employer on September 9, 1953. As stated above, the two year period for filing a claim is satisfied and the requirement of notice within ninety days to the employer under section 440.151 (7) is also fulfilled.”
In 1957, having paid claimant $5,000, the carrier terminated payments of compensation to him. The carrier contended that its responsibility to the claimant was controlled by the 1945 law. A claim was then filed charging that the carrier erred in not applying the 1951-1953 law. The 1945 law limited compensation for permanent total disability to $5,000. The 1953 law, § 440.15 (1) (a), provides:
“In case of total disability adjudged to be permanent, sixty per cent of the average weekly wages shall be paid to the employee during the continuance of such total disability; but in no event shall such payments be made in excess of seven hundred (700) weeks.”
A hearing was held on May 12, 1958, on the claim for further benefits above $5,000. At the hearing it was stipulated that the only issue would be a question of law, to-wit: Whether or not the 1945 law or the 1953 law ought to be applicable to the case. It was further agreed that the cause be adjudicated on the basis of memo-randa of law to be submitted. Accordingly the Deputy Commissioner entered an order dated May 22, 1959, interpreting the full Commission’s order as contended by the claimant and not by the carrier. Said order reads in part as follows:
“That although the claimant was last injuriously exposed to the substance causing his silicosis in 1945, he actually became incapacitated as a result of this disease on August 12, 1953. In an earlier decision in this case, the Full Florida Industrial Commission stated ‘the time of the injury for an occupational disease is the date of an employee’s becoming actually incapacitated.’ At the time of the claimant’s injury, the Statute in existence would spell out the benefits to which he would be entitled. On August 31, 1953, the Workmen’s Compensation Law provided benefits to the claimant for permanent total disability amounting to 700 weeks. It follows, therefore, that the carrier erred in terminating benefits to the claimant in 1957, after the payment of $5,000.00.”
Pursuant to said order the carrier was directed to pay the claimant compensation for 700 weeks disability at the rate of $22 per week commencing August 16, 1953. From said order, the carrier appealed to the full Commission. November 19, 1959, the majority of the full Commission reversed the order of the Deputy Commissioner on the ground that the 1945 law instead of the 1953 law was the controlling law. The full commission grounded its order on Phillips v. City of West Palm Beach, Fla.1953, 70 So.2d 345. Commissioner Walter L. Lightsey dissented from the full Commission, holding that the award of benefits was controlled by the 1953 law because claimant’s injury did not occur until after the effective date of said law, consequently the Phillips case had no application. From the said order we are confronted with an appeal by certiorari.
The parties are not in agreement as to questions presented. The majority of the Commission found that the sole issue was one of law, that is, whether claimant’s benefits are those authorized by the 1945 law or those authorized by the 1953 law, when claimant became permanently disabled. We understand that petitioner is in substantial accord with the majority of the Commission as to the question presented. Respondents raise the additional queries: (1) If the question stated in Point One was adjudicated in the employee’s *796 favor in the 1954 proceeding, can it be re-adjudicated at the present time? (2) Assuming that the employee’s benefits are to be measured by the law in effect at the time of his disability, does § 440.151(6) (c), Florida Statutes 1953, F.S.A., permit payment of compensation benefits in excess of $5,350?
We accept the question stated by the majority of the Commission, being substantially in accord with that stated by petitioner, as being the primary question presented. We do this because our answer comprehends all questions argued.
Section 440.20(13), Florida Statutes 1945, F.S.A., provides:
“The total compensation payable under this chapter for disability and death shall in no event exceed the sum of five thousand dollars in addition to any benefits under § 440.13 for medical services and treatment and under subsection (1) of § 440.16 for funeral expenses.”
This court is committed to the doctrine that Workmen’s Compensation Law is notice of its provisions to employers and employees alike and that it constitutes a contract with the employer, the employee and the insurance carrier once the parties have accepted the provisions of the law. Hardware Mutual Casualty Company v. Carlton, 1942, 151 Fla. 238, 9 So.2d 359; Stansell v. Marlin, 1943, 153 Fla. 421, 14 So.2d 892.
It is also settled in this state that the Workmen’s Compensation Law in effect at the time of employment is part of the contract of employment. Section 440.-151(6) (c), Workmen’s Compensation Act,, fixes liability for disability resulting from silicosis and asbestosis. In this case claimant was not totally disabled until August 1953, so he would be entitled to payments, under the Act from July 1945 to August 1953 as the Act provides. The Act provides, however, that,
“Such progressive increase in the limits to the aggregate compensation and benefits for disability and death shall continue until the limit upon such benefits fixed in this workmen’s compensation law is reached.”
From this it seems evident that the legislature, in authorizing progressive increase in total compensation greater than that provided in § 440.20(13) which limits compensation recoverable to $5,000, did not intend to compensate a claimant greater than that said amount. At the time of petitioner’s injury the 1945 law was in effect and governed his compensation. Such was the theory upon which a majority of the Commission found that the case was controlled by Phillips v. City of West Palm Beach, Fla.1953, 70 So.2d 345, and we think they are correct.
It follows that the writ of certiorari is hereby denied.
THOMAS, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.