R. E. ROBINSON, D. L. SOUTHARD, F. T. FANCHER AND JAMES O. WATSON, *Plaintiffs in Error*, v. FARMERS & MERCHANTS BANK OF TULLAHOMA, TENNESSEE, A CORPORATION, *Defendant in Error*.

Opinion Filed May 15, 1928.

*B. G. Adcock* and *D. L. Southard*, for Plaintiffs in Error;

*Bacon & Bussey*, for Defendant in Error.

JOHNSON, Circuit Judge:

The defendant in error sued the plaintiffs in error, as joint makers, on two promissory notes, and joined as a party defendant one D. W. King, who was an endorser of the said two notes in due course. Robinson, Southard, Fancher and Watson, the four named plaintiffs in error, were the makers of the two notes sued on. The two notes were dated November 15th, 1925, and recited: "On or before one year after date we promise to pay"; thus making each of the two notes sued on a joint undertaking on the part of the four makers. All of the defendants named were served with process. The defendant, D. W. King, endorser, did not appear nor interpose any defense. One of the notes sued on was made payable to one R. E. Robinson, Jr., and the other note was made payable to one Ed Schell. It appears that the payees of the two notes endorsed them in blank to the defendant, D. W. King, and then King endorsed both notes in blank to the defendant in error.

The four plaintiffs in error filed demurrers to the declaration, raising among other questions the question of making endorser King a party defendant in a suit against the joint makers of the notes. The demurrers were overruled.

The plaintiffs in error then interposed five pleas to each count of the declaration. The declaration contained two counts, one on each note. On motion three of the five pleas were properly struck. A plea of payment and a plea of deed of release were allowed to stand to each count.

The cause came on for trial before the judge, a jury being waived. At the trial the plaintiff offered in evidence, without objection from the defendant, the notes sued on, and produced testimony as to a reasonable attorney's fee. The defendants offered no testimony in support of their pleas. The trial was had on July 13th, 1927. On the same

date judgment was entered against the plaintiffs in error, including D. W. King as endorser of the notes.

On July 14th the plaintiffs in error filed motion in arrest of judgment on the ground that a valid judgment could not be entered against the joint makers and the endorser of the notes in due course.

On August 4th, 1927, the defendant in error served on the plaintiffs in error copy of motion which recites:

"Now, at and during and before final adjournment of the regular June term, 1927, of the above styled court, and while the judgment entered in the above stated case is within the breast of the court, and subject to the power of the court to change or amend the same, comes the plaintiff, Farmers & Merchants Bank of Tullahoma, Tennessee, a corporation under the laws of Tennessee, by its attorneys, Bacon & Bussey, and moves the court to strike D. W. King as endorser, as a party defendant in said case, and in the final judgment entered in said case, for the following reasons, to-wit:

"FIRST.

"Said D. W. King did not endorse the notes sued upon in said case at and before the negotiation of the same; and no proof was introduced upon the trial of said case showing that he became the endorser of said notes at and before the same were delivered or negotiated, WHEREFORE, the order of the court hereon is prayed striking said D. W. King as a party defendant in said case from the judgment entered therein."

On August 5th the court granted the above motion and entered an order striking D. W. King, endorser, as a party defendant in the case and from the judgment.

On August 5th the court entered an order overruling defendants' motion in arrest of judgment. The order overruling the motion in arrest of judgment recites:

"The foregoing cause coming on this day to be heard upon Motion in Arrest of Judgment filed by the defendant makers of the notes sued on and the same having been argued by counsel for the respective parties and duly considered by the court, it is ordered that said Motion in Arrest of Judgment (the court first having allowed the motion of plaintiff to strike the defendant, D. W. King, as endorser, as a party defendant in said case and in said judgment) be and the same is hereby denied."

From this record of the final judgment the defendants in the court below, plaintiffs in error, sued out writ of error to this Court.

D. W. King is joined as plaintiff in error.

The plaintiffs in error make eighteen assignments of error. In their brief they do not specifically argue or present either one of the assignments made.

This Court, in a number of cases, has held: "Assignments of error must be argued in the briefs." Beville v. State, 61 Fla. 8, 55 So. 854; Cannon v. State, 62 Fla. 20, 57 So. 240; S. A. L. R. Co. v. Nims, 61 Fla. 420, 54 So. 779; Mitchell v. Mason, 61 Fla. 692, 55 So. 387; Smith v. State, 65 Fla. 56, 61 So. 120.

This Court has held that "Assignments of error not noticed in the brief will be treated as abandoned." Sou. Express Co. v. Van Meter, 17 Fla. 783; Jordan v. Sayre, 24 Fla. 1, 3 So. 329; Williams v. State, 25 Fla. 734, 6 So. 831, and other cases. Where errors are assigned and neither briefed nor argued the judgment will be affirmed. Clarke v. Sou. Express Co., 33 Fla. 617, 15 So. 252; Blockworth v. Lippincott, 78 Fla. 261, 82 So. 827.

The plaintiffs in error, in their brief, undertake to raise two questions. The first question is raised and argued in the following language: (quoted exactly)

"A judgment was entered against these defendants for

the amount claimed. Thereafter a Motion in Arrest of Judgment, setting up the fact of the misjoinder of parties was filed which was overruled by the court, and final judgment entered contrary to law.

Citing:

Webster v. Narnett, 17 Fla. 272.

See also Revised Gen. Stat., 1920, Paragraph 4733.

Also Prosser, et al. v. Orlando Bank & Trust Co., 111, So. p. 516.

The court several days later entertained and granted a motion striking D. W. King, one of the endorsers, from the judgment as rendered by the court, and entered up a judgment against R. E. Robinson, D. L. Southard, F. T. Fancher and James O. Watson, as being primarily liable, and D. W. King as being secondarily liable, which said judgment was without authority and contrary to the pleadings in said cause.''

This carries an erroneous statement of the facts as they appear of record. A chronological history of the proceedings have already been given herein. The court struck D. W. King, the endorser, as a party defendant in the case and from the final judgment before passing upon the motion in arrest of judgment. By this order the error pointed out in the motion in arrest of judgment was cured.

The question which is indirectly raised by the brief is, whether or not the trial judge had the authority to amend by striking the endorser, D. W. King, as a party defendant in the case and from the final judgment.

The only question then is, did the trial court have authority to amend by striking D. W. King as a party defendant in the case and from the final judgment?

In the case of Stewart & Fontaine v. Bennett, 1 Fla. 437, this Court has laid down this broad rule: ''As a general

rule it may be remarked, that until judgment is signed, or there is FINAL JUDGMENT, (emphasis not ours) amendments to the pleadings may be allowed to the parties upon proper and equitable terms, and the declaration may be amended at any time, so long as the proceedings remain in paper." In this same case the Court further said: "In fine, the doctrine may be summed up thus: A power to a certain extent inherent in our courts, and rendered more ample by statutory regulations to allow amendments in pleading for the furtherance of substantial justice, to be exercised with a liberal and enlarged discretion, but with caution and due deliberation, and upon such terms as they may see fit to prescribe."

Courts have absolute authority and control over their own order, decrees, etc., and can vacate or amend them at any time during the term of court at which they are made. Alabama Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 So. 825.

The only other question raised in the brief of plaintiffs in error is:

"And it is not shown that said motion was made during the term in which said original verdict or judgment had been rendered. Therefore, said order striking said D. W. King as a party defendant is null and void."

The raising of this question in this manner and by the language used is unfair to this Court. The motion for the amendment striking D. W. King as party defendant recites that the court had not adjourned. The court acted on this motion and it is presumed, in the absence of an affirmative showing to the contrary, that he had authority to act. If this question had been raised in good faith the plaintiffs in error could easily have had a certified copy of an excerpt from the minutes of the court showing the date of the

adjournment of the court *sine die*, and the final signing of the minutes by the judge.

The judgment is affirmed.

Per Curiam.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby, affirmed.

Whitfield, Terrell, Strum, Brown and Buford, J. J., concur.

Ellis, C. J., concurs in the conclusion reached.