STATE OF FLORIDA, ex rel., CARY D. LANDIS, Attorney General, *Plaintiff,* vs. W. A. DICKENSON, Clerk of the Circuit Court of Hillsborough County, Florida, and ELLIS J. SIMMONS, Clerk of the Criminal Court of Record and Ex Officio Clerk of the Civil Court of Record, Hillsborough County, Florida, *Defendants.*

138 So. 376.

Division B.

908

Opinion filed December 18, 1931.

*Cary D. Landis*, Attorney General, and *J. Tom Watson* and *A. C. Brooks*, of Tampa, for Relator;

*Sutton, Tillman & Reeves*, and *Whittaker Brothers*, of Tampa, for Respondents.

PER CURIAM.—This is a proceeding in quo warranto brought by the Attorney General of the State for the purpose of testing the validity of Chapter 14663, Laws of Florida, Acts of 1931, which Chapter purports to abolish the Civil Court of Record in Hillsborough County. The respondents have demurred to the alternative writ, while the Attorney General moves for a judgment of ouster upon the return which has been made to it by the respondents.

Chapter 14663, *supra,* was introduced into the Legislature and passed as a so-called local or special bill. Notice of same was given as required by Amended Section 20 of Article III of the Constitution as appears by the official legislative Journals. The text of the Act is as follows:

> "The Civil Court of Record in and for Hillsborough County, Florida, be and the same is hereby abolished and all cases pending in said Court on the dates of its abolishment shall be transferred by the Clerk of said Court to the Circuit Court of said County and there docketed by the Clerk of the said Circuit Court and said cases shall be tried and disposed of in said Circuit Court."

The writ of quo warranto alleges that by authority of the Act the Clerk of the Civil Court of Record of Hillsborough County, and the Clerk of the Circuit Court of Hillsborough County, were, and still are, engaged in transferring cases pending in the Civil Court to a bench and bar docket of the Circuit Court, the cases only as have not been proceeded in to final judgment. It is asserted by the Attorney General that these duties are beyond the authority of the respondents and that they should be ousted from further performing them.

Assuming, but not deciding, that the writ of quo warranto is the proper remedy, we pass to a consideration of the merits of the controversy which must be determined by the validity, force and effect of Chapter 14663, *supra*. If that Act be valid, the writ of quo warranto admittedly should not be issued, while if it is invalid the issuance of the writ will be harmless to the respondents.

Chapter 11357, Laws of Florida, was enacted by the Legislature in 1925. Under that Act Civil Courts of Record were established in counties wherein such courts did not then exist having a population of more than one hundred thousand according to the last State census. Civil jurisdiction in common law cases was given to such courts where the amounts in controversy were more than $500.00 and did not exceed $5,000.00. Chapter 11357 did not affect Civil Courts of Record which were already in existence under Chapter 8521, Acts of 1921.

The effect of the population classification made in the 1925 Act was to create at that time Civil Courts of Record in but two counties of the State, namely, Dade and Hillsborough Counties. In 1925 these counties were the only counties having the required population to fall within the terms of the statutory classification there made. The 1931 Act, if sustained, will have the effect of specifically abolishing the Civil Court of Record in Hillsborough County, leaving still in full force, effect and operation the system of Civil Courts of Record created and provided for by said Chapter 11357, *supra*, of which the Civil Court of Record in Dade County would be the only one left to continue in existence.

It is therefore contended that because the 1931 Act is a special and local law applicable only to Hillsborough County that it is unconstitutional and void under Section 20 of Article III of the State Constitution, even though it was properly advertised. The argument further is that the Legislature has no authority under Section 1 of amend-

ed Article V of the Constitution to create statutory courts by special or local laws and that for the same reasons the Legislature has no authority to abolish by special or local Act any court that it has already properly created by general law.

Whatever may be the power of the Legislature to create and establish statutory courts under amended Section 1 of Article V of the Constitution by special or local Acts enacted for that purpose, it does not necessarily follow that the Legislature has no authority to *abolish* any of such statutory courts authorized by that constitutional provision, even though it be done by an Act special or local in character, and applying to only one county.

Under Section 1 of Article V of the Constitution, as amended in 1914, it has been heretofore held that the Legislature did have power to establish statutory courts in one or all of the counties of the State and to confer upon such statutory courts jurisdiction, powers and duties that do not conflict with other organic provisions. See State ex rel. Johnson v. Quigg, 83 Fla. 1, 90 Sou. Rep. 695. It has also been held under constitutional provisions of Alabama similar to ours, that where a court is of constitutional authorization, but not of constitutional creation, that such court can be abolished at the will of the Legislature. State ex rel. Thomas v. Gunter, 170 Ala. 165, 54 Sou. Rep. 283.

The Civil Court of Record of Hillsborough County is a creature of statutory law. Whether it is competent for the Legislature to establish such a court as this by special or local law or not, it is undoubtedly competent by statutory enactment to abolish such a court when once established. And this may be accomplished by the passage of any legislative act which is not unconstitutional and which plainly evidences the intent that such legislative abolition of the court shall follow.

All Acts of the Legislature which are duly enacted ac-

cording to constitutional prerequisites and which are signed by the Governor, or become laws without his approval, are statutes of the State of Florida. And as statutes, all enactments by the Legislature should be given effect as such, whether general or special in character, unless they are unconstitutional.

The constitution (Section 20 of Article III) undoubtedly prohibits regulating the *practice* of Courts of Justice by special or local laws whether advertised or not, and this applies to special or local acts undertaking to regulate the practice of established courts of justice, whether statutory courts of constitutional authorization, or courts which are of constitutional creation. Because of provisions of the constitution such as Section 20 of Article III, it may be possible to create a special statutory court in a particular county by special or local law but it may also be impossible to set up and put into operation such special statutory court unless there is some general law fixing the mode of procedure for the operation of such court, or regulating the practice of courts of the class to which such specially created court belongs.

But where a statutory court has already been created as a court, under provisions of either general or local law, or a particular statutory court is in being and exercising jurisdiction under a general statute which provides for the creation of a certain class of courts, such as Civil Courts of Record, and prescribes their jurisdiction and powers, the mere enactment of a special or local law abolishing by name one of these courts of the class so existing in a particular county, but making no attempt to alter or amend the practice or procedure provided by general law for the other courts of that same class which are left unaffected by such special or local law, is not necessarily unconstitutional, as a violation of Section 20 of Article III, neither is it prohibited by Section 1 of Article V of the Constitution.

Under Section 1 of Article V, as amended, there is no prohibition against the mere *creation* of authorized statutory courts by special or local law. Whatever constitutional difficulties are to be encountered in creating statutory courts by special or local laws, will not be found in Section 1 of Article V, as amended, but will be found in Section 20 of Article III which prohibits regulating the practice of any of the courts of justice except municipal courts, by local or special laws.

In any case where a single court in one county is specifically abolished by a special or local Act duly advertised according to the constitution, the essential effect of such an Act is not to interfere with, regulate or prescribe the practice or procedure of courts of justice in violation of Section 20 of Article III of our constitution. Special or local laws so passed may, it is true, re-invest some constitutional court with jurisdiction which was once suspended so long as the statutory court remained, because when any statutory court, such as a Civil Court of Record, is abolished by law, whether general or special, the general statutory and constitutional jurisdiction of the Circuit Court as fixed by the constitution and general laws of the State automatically comes back into operation. But this re-investing of jurisdiction in the Circuit Court under the general laws of the State is by their own force and effect and not by force and effect of the special or local law alone. So long as the specially created statutory court exists, and that long only, is the jurisdiction of the Circuit Court in the same class of cases suspended, and jurisdiction of them given to the inferior statutory courts. But at all times the general laws of the State prescribing and fixing the jurisdiction of Circuit Courts as constitutional courts remains unaffected and unmodified by the creation of inferior statutory courts, and whatever effect the existence of the statutory courts may have on the jurisdiction or practice of Circuit Courts, it is merely to suspend, not to

repeal or amend, such general laws governing the jurisdiction and procedure of Circuit Courts.

In the case at bar, this Court judicially knows that the general laws of the State would give the Circuit Court of Hillsborough County jurisdiction of all cases at law in that county not cognizable by courts of inferior jurisdiction, irrespective of what may be provided by Chapter 13664, Acts of 1931, and regardless of whether it is a general or special or local law. This court also judicially knows that only so long as there exists in Hillsborough County a Civil Court of Record under authority of a statute, that it will have jurisdiction of common law cases where the amount in controversy is within the jurisdiction of Civil Courts of Record as a class, under the general laws providing for such courts.

But when the Legislature by a proper Act has abolished the Civil Court of Record of Hillsborough County, the effect is automatically to reinstate the full jurisdiction and powers of the Circuit Court to proceed with the unexercised jurisdiction and powers formerly committed to the abolished Civil Court of Record. Therefore as a necessary consequence of the abolition of such court, the Circuit Court acquires jurisdiction under the general law to proceed from that time on with the exericse of such constitutional and statutory jurisdiction as may be vested in Circuit Courts, just as if the Civil Court of Record had never been created at all. *The jurisdiction of the Circuit Court thereupon attaches not only to controversies which were formerly required to be tried by the Civil Court of Record, but to all cases pending in the abolished Civil Court of Record as to which any further judicial proceedings are required to be taken at the time the Civil Court is abolished.*

This Court is therefore of the opinion that Chapter 13664, Acts of 1931, abolishing the Civil Court of Record of Hillsborough County has not been shown to be uncon-

stitutional. It is likewise of the opinion that the duties being performed by the respondents in obedience to that Act have not been shown to be unauthorized, even if there had been no special statutory direction in the 1931 Act to that effect.

It would be the duty of the Clerk of the Circuit Court in any event to at once take charge of all records of an abolished Civil Court of Record, and it would likewise be the duty of the Circuit Court itself to exercise all required and unexercised judicial functions in cases which were formerly within the jurisdiction of the Civil Court of Record.

The demurrer to the writ of prohibition is therefore sustained and the proceeding dismissed.

Writ of quo warranto dismissed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.