LITTIE N. SEGEL, in her own right, joined by her husband, L. R. SEGEL, and L. R. SEGEL in his own right, *Petitioners*, vs. E. A. STAIBER, *Respondent*.

144 So. 875.

Opinion filed October 8, 1932.

Petition for rehearing denied December 16, 1932.

*L. D. McGregor* and *R. J. Duff,* for Petitioners;
*Jackson, Dupree & Cone,* for Respondent.

MATHEWS, Commissioner).—The case was a civil action for damages for personal injuries, commenced in the Civil Court of Record for Hillsborough County, by the petitioners as plaintiffs, against the respondent, as defendant. The defendant appeared and filed his plea of "not guilty." Thereafter the cause was placed upon the trial docket. There had existed in said Civil Court a long established and continuous practice and custom of notifying all attorneys practicing before that Court, not only of the sounding of the docket, but it was also the custom of that court to cause a printed list of all cases set by the Court at the sounding of the docket to be mailed to all attorneys of record in the cases set, stating the dates on which the cases were to be tried. Shortly before February 25th, 1931, the presiding Judge of the Civil Court resigned. On February 25th, 1931, the newly appointed Judge of the Civil Court decided to hold a trial session of that court, beginning March 9th, 1931. Thereupon the then Judge of the said Civil Court, disregarding the previous continuous custom of the court, on which the attorneys practicing therein had relied, directed the Clerk to call by telephone the office of all the attorneys of record in cases which were ready for trial in said court, and to notify the attorneys that the court would, on February 28th, 1931, set causes for trial. Neither the defendant nor his attorneys received any notice whatsoever of the sounding of the docket, nor did the Clerk of the Court notify the attorneys for defend-

ant in any manner of the date on which this case had been set for trial, either by telephone or by mailing a printed list of the cases, though a typewritten list of the cases set for trial was posted on the wall in the Clerk's office.

At the sounding of the docket on February 28th, 1931, this case was set for trial on March 12th, 1931, and on that date neither the defendant nor his attorney appearing, the court ordered the cause to proceed ex parte, and verdict and judgment resulted in favor of the plaintiffs for the full amount claimed in plaintiff's declaration. Thereafter, on March 30th, 1931, during the term at which the judgment was rendered and entered, and immediately upon the discovery of the same, the defendant filed his motion to vacate and set aside the verdict and final judgment in said cause, properly supported by affidavits.

Thereafter, on April 11th, 1931, upon hearing had, the Judge of the Civil Court of Record made an order refusing to vacate the final judgment therein rendered, upon the ground that he was without jurisdiction to hear and determine the motion.

Thereafter the defendant, taking a bill of exceptions, sued out writ of error to the Circuit Court of Hillsborough County, Florida, which Court on December 29th, 1931, handed down its opinion wherein the order entered by the Judge of the Civil Court of Record was reversed, and the said judge was directed to hear and determine the defendant's motion to vacate the judgment on its merits. The Civil Court of Record of Hillsborough County went out of existence on December 31, 1931, without having passed upon defendant's motion; and thereafter on April 19th, 1932, the Circuit Court, upon a consideration of defendant's motion to vacate the judgment granted the same and entered an order vacating and

setting aside the verdict and judgment of the Civil Court of Record.

Plaintiffs, on May 2nd, 1932, filed their petition herein for the issuance of a writ of certiorari, alleging that there was no remedy by writ of error as the order complained of was not a final judgment. The writ was issued on said date to W. A. Dickerson, Clerk of the Circuit Court in and for Hillsborough County, directing said Clerk to transmit to this Court the record of a certain cause determined in the Circuit Court, wherein petitioners herein were plaintiffs and respondent herein was defendant. Upon return to the writ, the respondent moved to quash the writ upon several grounds, the substance of which may be stated to be that the Circuit Court was not without jurisdiction to make the order complained of and that the record discloses no procedure in the Circuit Court which was not in accordance with the essential requirements of the law.

The writ of certiorari lies to determine whether the inferior tribunal has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law in cases where no direct appellate proceedings are provided by law. Brundage vs. O'Berry, 101 Fla. 320, 134 So. 520.

Where review of judgment of civil court of record by writ of error from circuit court is cut off by abolishment of former court, certiorari is the proper remedy to review errors apparent of record. Salario v. Latin-American Bank, 104 Fla. 256, 139 So. 899; Acts of 1931, Ch. 14663.

In this case the Circuit Court had handed down its decision on the appeal on December 29th, 1931, before the Civil Court of Record had become extinct. By that decision, the circuit court reversed the civil court and directed it to determine respondent's motion to vacate

the judgment on its merits. Before its mandate was complied with, the civil court went out of existence and its jurisdiction automatically became vested in the circuit court and it thereupon became incumbent upon the circuit court to proceed with the unexercised powers formerly committed to the civil court of record. State ex rel. Landis vs. Dickenson, 103 Fla. 907, 138 So. 376.

Also the circuit court as the successor to the jurisdiction of the civil court of record could legally proceed to comply with the mandate theretofore filed in the civil court of record, and was fully at liberty to proceed to determine the merits of respondent's motion to vacate the judgment, for this was a further judicial proceeding required to be taken at the time the civil court of record was abolished. State ex rel. Landis vs. Dickenson, supra.

Respondent's motion to vacate the judgment against him was filed during the term at which the judgment was rendered. Alabama Hotel Co. vs. Mott Iron Works, 86 Fla. 608, 98 So. 825; Robinson vs. Farmers & Merchants Bank, 95 Fla. 940, 117 So. 393; Whitaker vs. Wright, 100 Fla. 282, 129 So. 889.

The motion to vacate the verdict and judgment was based upon surprise resulting from a violation of an established custom upon which defendant had a right to rely. Flournoy vs. Monson, 51 Fla. 198, 41 So. 398. It was addressed to the sound legal discretion of the court which heard and considered the motion on the evidence presented, and that discretion does not appear to have been abused. Alabama Hotel Co. vs. Mott Iron Works, supra.

It does not appear that the circuit court exceeded its jurisdiction, and it does not appear to have failed to proceed according to the essential requirements of the law.

It is ordered that the writ of certiorari be, and the same is hereby quashed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered, ordered and decreed by the court that the writ of certiorari be, and the same is hereby quashed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.