F. L. REVELL v. HON. C. S. DISHONG, as Sheriff of Hardee County.

175 So. 905.
Opinion Filed July 31, 1937.
Rehearing September 2, 1937.

*W. D. Bell,* for Petitioner;

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Leitner & Leitner,* for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus wherein petitioner seeks discharge from the execution of a certain order made by W. J. Barker, Circuit Judge of the Tenth Judicial Circuit in and for Hardee County, as follows:

"This cause coming on this day to be heard upon the return of the relator citing him to show cause on this day why he should not be held in contempt for failure to pay $2,000.16 to the respondents, and it appearing to the court from the said return of the said relator that the said relator has failed to give any reasonable excuse why the said money should not have been returned and paid to the respondents as hereinbefore directed by this court.

"It Is Therefore Ordered, Adjudged and Decreed that the said relator be and he is hereby declared in contempt of this court, for failure to comply with the said order heretofore entered in the said cause.

"It Is Further Ordered, Adjudged and Decreed that the Sheriff of Hardee County, Florida, be and he is hereby directed to forthwith arrest and take into his custody and control the said relator, F. L. Revell, and to imprison him in the County Jail of Hardee County, Florida, for a period of ninety days or until he, the said F. L. Revell, has paid to the said respondent $2,000.16, in compliance with the order heretofore made in this cause, together with the costs of this contempt proceeding, or until the further order of this court.

"Done and Ordered at Wauchula, Florida, this the 7th day of June, A. D. 1937."

The record shows that on September 4th, 1936, judgment in mandamus was entered in favor of F. L. Revell against the City of Wauchula and certain City Officials, requiring them to pay over to Revell certain funds, to-wit, the sum of $5,441.34 adjudicated in mandamus proceedings to be due to Revell.

On October 20th, 1936, said Judge of said Court entered an order which was duly filed and recorded in the following language, to-wit:

"This cause coming on this day to be heard upon motion of the Intervenor to set aside and vacate the peremptory writ issued in cases 2529, 2530 and 2534 as consolidated, and after argument of counsel and the court being advised otherwise fully in the premises,

"It Is Hereby Ordered that the said peremptory writ issued in said cases 2529, 2530 and 2534 as consolidated,

be and the same is hereby vacated, declared null and void and set aside and cancelled.

"It is further ORDERED that the respondents be required to file separate and distinct returns in each of said cases 2529, 2530 and 2534, and they are allowed twenty (20) days from this date in which to file said returns.

"DONE AND ORDERED at Chambers in the City of Bartow, Florida, this the 20th day of October, A. D. 1936."

On September 28th, 1936, return to the peremptory writ was filed by the Clerk of the City of Wauchula, as follows:

"Comes now L. M. Moseley, City Clerk of the City of Wauchula, and one of the Respondents in the above entitled cause and respectfully shows to the court that pursuant to the commands of a peremptory writ of mandamus issued herein, requiring this respondent to pay over the funds in his hands applicable to the payment of relator's writs and in which this respondent was specially directed and required to pay to the relator the respective sums of $4,557.76 . . . and $883.58 . . . I do now respectfully return to the court that in accordance to the commands of the said peremptory writ I did pay over to the said relator herein the sum of $4,557.76 . . . in my hands, custody and control and that I did pay over to the relator the further sum of $883.58 . . . in my hands, custody and control as was specifically directed and required by the said peremptory writ and that I did fully perform and comply in all respects with the said peremptory writ of mandamus by payment over on the 4th day of September, A. D. 1936."

On April 16, 1937, after notice and hearing, said Judge of the said court entered the following order:

"This cause coming on this the 25th day of March, 1937, to be heard upon motion of the intervenor, C. T. Ratliff, stating that certain fund in the hands of the respondents,

which fund was attached by the relator in the suits of State of Florida, *ex rel.* C. T. Ratliff, Relator, versus S. E. Ausley as Mayor of the City of Wauchula, *et al.,* respondents, cases No. 2531 and 2536, had been paid out under a certain peremptory decree in this cause to the said relator, F. L. Revell, and asking an order that said fund be returned, and the attorney for the intervenor being present and also the attorneys for the said relator being present, and upon taking the testimony and hearing the said matter argued, the court finds that the said peremptory judgment entered in this consolidated case, has been declared null and void and cancelled, but before the said peremptory writ was vacated and cancelled the said fund so attached in said suits of Ratliff (Nos. 2531 and 2536), in the total sum of $2,000.16, has been paid out to the said relator, F. L. Revell.

"The court therefore finds from the said testimony that in the two cases of State of Florida, *ex rel.* C. T. Ratliff, v. S. E. Ausley as Mayor of the City of Wauchula, *et al.,* Nos. 2531 and 2536, there was a total fund in the hands of the respondents in the sum of $2,000.16 which was duly and legally attached, and that this sum was paid out by the said respondents herein to the said relator upon a peremptory order entered in this consolidated case, and the said fund paid out to the said relator who now has it in his hands and this fund of $2,000.16 should be returned to the said respondents by the said relator, F. L. Revell.

"It is therefore considered, ordered and adjudged that the said relator, F. L. Revell, shall within twenty (20) days from this date, return to the said respondents, S. E. Ausley and L. M. Moseley as Mayor and Clerk respectively of the City of Wauchula, the said sum of $2,000.16; and it is further ordered that the said respondents, S. E. Ausley and

L. M. Moseley as Mayor and Clerk respectively of the City of Wauchula shall return to the said relator, F. L. Revell, such bonds and/or interest coupons that were presented and received by them in the payment of the said sum of $2,000.16. It is further ordered that the said respondents, S. E. Ausley and L. M. Moseley, as Mayor and Clerk respectively of the City of Wauchula, shall hold the said fund intact until the further order of this court.

"It is further ordered that a copy of this order shall be served by the intervenor or his attorneys upon the said relator, F. L. Revell, and also upon the said respondents, by registered mail, as speedily as possible.

"Done and Ordered at Bartow, Florida, this the 16th day of April, A. D. 1937."

On May 7th, 1937, Ausley as Mayor and Moseley as Clerk of the City of Wauchula, filed their return to the Rule in the following language:

"Come now the respondents herein, S. E. Ausley as Mayor of the City of Wauchula and L. M. Moseley as Clerk of the City of Wauchula, and for return make to the order entered herein against them on the 16th day of April, A. D. 1937, wherein and whereby they were commanded, among other things to receive from the relator herein F. L. Revell $2,000.16, and to return to the said relator F. L. Revell bonds, coupons or other evidence of indebtedness received by them from the said relator in compliance with the peremptory writ issued in this cause, and these respondents state that they have bonds, coupons and other evidence of indebtedness so received by them and they are willing, able and ready to deliver the said bonds, coupons and other evidence of indebtedness to the said relator delivering to them the said $2,000.16, but they say that the said relator

has not delivered to them the said money or any part thereof."

On May 24, 1937, the said Judge of the said Court entered the following order:

"IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HARDEE COUNTY:

"STATE OF FLORIDA, *ex rel.* F. L. REVELL, Relator, v. CITY OF WAUCHULA, a municipal corporation, *et al.,* Respondents. C. T. Ratliff, Intervenor.

"CONSOLIDATED CASES Nos. 2529, 2530 and 2534.

"This cause coming on this day to be heard upon petition of the intervenor, C. T. Ratliff, stating among other things, that the relator, F. L. Revell, has failed and refused to comply with the order heretofore entered in this cause, to the effect that the said relator return to the respondents herein $2,000.16, and it appearing to the court that the said relator has not complied with the said order, and he appears to be in contempt of this court,

"IT IS THEREFORE CONSIDERED AND ORDERED that you, the said F. L. Revell, appear before this Court on the 7th day of June, A. D. 1937, at ten o'clock in the forenoon of said day, in my Chambers in the City of Wauchula, and then and there show cause, if any you can, why you should not be held in contempt of this Court for failure to comply with said order.

"IT IS FURTHER ORDERED that the relator, F. L. Revell, be served with copy of this order forthwith by the Sheriff of Hardee County, Florida.

"DONE AND ORDERED at Chambers in the City of Sebring, Florida, this the 24th day of May, A. D. 1937.

"W. J. BARKER,
"*Judge.*"

Thereupon, on the 7th day of June, 1937, Revell filed his answer thereto, as follows:

"Now comes the relator in response to the rule issued by this court on the 24th day of May, A. D. 1937, requiring that he show cause why he should not be held in contempt for failure to comply with the order heretofore issued by the judge of this court directing him to return to the respondent, the City of Wauchula, Two Thousand Dollars ($2,000.16) and Sixteen Cents, and for answer thereto says:

"I.

"The Judge of this Court was without law or statutory authority to issue an order directing the return of said sum of money.

"II.

"The said order for restitution was not issued at the instance or request of the respondents who were the parties defendant to the judgment under which the alleged moneys were paid out.

"III.

"The right to claim restitution of property taken under a reversed judgment, or its value, is one which belongs only to the defendant or the representatives of the defendant; and the defendants have not moved for restitution, either by themselves or their representatives.

"IV.

"The money paid to relator by virtue of the peremptory writ of mandamus was paid under the supervision of the Judge of this Court and upon the stipulation of all parties to the record at the time of its issuance, and was without fraud or collusion; and the respondents are estopped from demanding a restitution of said money.

"V.

"No restitution can be had until and after final judgment in said cause and said cause is still pending.

"VI.

"The order endeavoring to vacate and set aside the judgment and peremptory writ after the same had been fully performed, was null and void.

"VII.

"Wherefore relator prays the judgment of the Court and that he be discharged from the rule."

And on the 7th day of June the said Judge of the said Court entered his order and judgment of contempt as hereinbefore set forth.

The only question presented here for our determination is whether or not the Circuit Court had when it entered its order of October 29th, 1936, lost jurisdiction of the cause in which said order was issued by having theretofore issued its peremptory writ of mandamus on, to-wit, the 4th day of September, 1936, and which said peremptory writ of mandamus had been complied with on the 4th day of September, 1936, as shown by the return filed by the Clerk on September 28th, 1936, so that the Circuit Court did not have power or jurisdiction to vacate and set aside the said judgment in mandamus and thereupon to make the orders hereinbefore referred to.

Much has been said concerning an alleged intervention on the part of C. T. Ratliff which was allowed pursuant to a motion filed by him on September 21, 1936, in which said motion he advised the court that the judgment in mandamus had been inadvertently entered and was entered by the court under a misapprehension of the condition of the record.

We think it is not necessary to determine whether or not Ratliff could intervene in a mandamus suit, or mandamus suits, to which he was not a party. Intervention was not necessary, that he might be allowed to present to the court important facts concerning a case in which the court had entered a judgment which it would not have entered had it been cognizant of the real facts as they existed; that his so-called intervention may be considered merely as an affidavit of information filed by a friend of the court to advise the court of the true condition of the record. The record does not show that the term of court during which the judgment in mandamus was entered had expired.

In Hazen v. Smith, 101 Fla. 767, 135 Sou. 813, we said:

"The fact that plaintiff in execution after obtaining a verdict inaugurated a race with the law, and succeeded in having execution issued and money collected under it, did not defeat the jurisdiction of the Court during the same term at which the verdict was rendered, to entertain a properly filed motion for a new trial, and to make such appropriate orders against the plaintiff in the case as would effectually prevent the plaintiff from defeating the purpose of the motion for a new trial by realizing the amount of the verdict before a ruling on it could be had.

"Even after a judgment at law has been rendered and execution levied and the judgment fully collected, it has been held that if the judgment be later reversed or set aside by an appellate court, the *nisi prius* court has the *right* to order restitution to defendant so as to obviate, the advantage obtained by plaintiff through the court's error.

"Indeed it has been authoritatively determined that the court not only has such *power*, but that it is the court's duty to exercise the power to order such restitution in proper cases and this duty is enforceable by appropriate appellate

proceedings taken in the name of the property entitled, when the court denies the power or refuses to exercise it when properly invoked. Hiler v. Hiler, 35 Ohio St. Rep. 645; B. & O. Ry. Co. v. U. S., 279 U. S. 781; 73 L. Ed. 954; N. W. Fuel Co. v. Bach, 139 U. S. 216, 35 L. Ed. 151; Chamberlin v. Charles, 35 N. Y. 477; Arkadelphia Milling Co. v. St. L. S. W. Co., 249 U. S. 134; 63 L. Ed. 517."

Now, if the court may require restitution of money collected under a judgment when such judgment has been later reversed or set aside by an appellate court, it is a necessary corollary that the power also exists to require restitution after execution of the judgment when the judgment is legally vacated and set aside by the court which issued it.

The court acted in this behalf and, in the absence of affirmative showing to the contrary, the presumption will be indulged that he had authority to act. See Robinson, *et al.,* v. Farmers & Merchants' Bank of Tullahoma, Tenn., 95 Fla. 940, 117 Sou. 393. Courts have absolute authority and control over their own orders, decrees and judgments and can vacate, amend or reform at any time during the term of Court at which they are made. Ala. Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 Sou. 825.

It will be observed that the order under which petitioner is held provides:

"It is further ordered, adjudged and decreed that the Sheriff of Hardee County, Florida, be and he is hereby directed to forthwith arrest and take into his custody and control the said relator, F. L. Revell, and to imprison him in the County Jail of Hardee County, Florida, for a period of ninety (90) days, or until he, the said F. L. Revell, has paid the said respondent $2,000.16 in compliance with the order heretofore made in this cause, together with the costs

of this contempt proceeding, or until the further order of this Court."

It is contended by the petitioner that the order does not fix any definite time of imprisonment. As we construe the order, it fixed a definite time of ninety (90) days unless the petitioner should purge himself of the contempt within that time or the court should make further order in the premises.

We think other questions presented are without merit. The return to the writ is held sufficient and petitioner is remanded to the custody of the respondent.

So ordered.

TERRELL, BROWN and CHAPMAN, J. J., concur.