STATE *ex rel.* F. L. REVELL v. CITY OF WAUCHULA, S. E. AUSLEY, as Mayor, and L. M. MOSELEY, as City Clerk.

189 So. 274
Division B
Opinion Filed May 19, 1939
Rehearing Denied June 8, 1939

*W. D. Bell,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

PER CURIAM.—On July 8, 1936, F. L. Revell (hereinafter referred to as relator) filed two petitions for alternative writs of mandamus praying that respondents be required to pay relator any money in the City treasury applicable to the payment of certain interest coupons attached to refunding bonds of the City. On July 13, 1936, relator filed his third petition for alternative writ of mandamus based on other interest coupons.

On July 9, 1936, C. T. Ratliff filed a mandamus action

to compel the City of Wauchula to pay him certain funds then on hand to satisfy certain bonds which he owned. A similar action was also filed by Ratliff on July 14, 1936.

On September 4, 1936, relator Revell and respondents' filed a stipulation for consolidation of the three suits filed by Revell, and an order of consolidation based on said stipulation was entered on the same day. A peremptory writ was issued in the consolidated cases on September 4, 1936, commanding the City of Wauchula to deliver a warrant for $5,441.34 then in the City treasury to relator. On September 28, 1936, the City Clerk's return to the peremptory writ was filed, alleging that on September 4, 1936, he paid the required sum to relator.

After the rendition of the judgment and the satisfaction of the peremptory writ C. T. Ratliff filed a petition for leave to intervene. Intervention was allowed by the court and Ratliff filed motions to vacate the order consolidating the suits of Revell and to vacate the peremptory writ therein, because the court was misled in entering said peremptory writ for it was not aware of the fact that Ratliff had filed a suit in the same court impounding the funds which the peremptory writ attempted to adjudicate. An order was then entered by the court granting the motions to Ratliff. Thereafter Ratliff filed a motion to require Revell to return to the City all of the funds that had been paid to him by virtue of the peremptory writ previously issued. The court ordered Revell to pay back to the City $2,000.16 of the $5,441.34 on the ground that this sum had been impounded by Ratliff in his mandamus suits.

When Revell refused to pay, the court entered an order declaring him in contempt of court and directing that he be arrested and imprisoned for a period of ninety days or until he had paid the City $2,000.16 in compliance with the previous order. Habeas corpus proceeding was then insti-

tuted in this Court by Revell. A return to the writ was held sufficient and Revell was remanded to the custody of the sheriff. Revell v. Dishong, 129 Fla. 9, 175 So. 905. The $2,000.16 was then returned to respondents and respondents filed a separate answer in each of the three cases. Replications were filed by relator and, after hearing the evidence, the court adjudged that the sums theretofore paid to relator by respondents should be retained by relator save and except the sum of $2,000.16 which relator had returned to respondents under the order for restitution previously issued, and that the relator was not entitled to any further sum or sums by his writs of mandamus. Relator has appealed from this judgment and has proposed three questions for our consideration:

"Did the court commit reversible error by allowing a party to intervene in mandamus after the judgment and peremptory writ and after the satisfaction of said judgment and compliance with writ, who had not been a party to the proceedings prior to said judgment?"

"Did the court commit reversible error, having required the respondents in a mandamus case to pay to plaintiff in error certain sums under and by virtue of his writs of mandamus, by requiring plaintiff in error to repay to said respondents the sums so paid without the request and over protest of respondents? "

"Did the court commit reversible error in denying peremptory writs upon said alternative writs after said cause was reopened?"

The first two questions are without merit for we have previously decided (Revell v. Dishong, *supra*) that the "Petition to Intervene" interposed by Ratliff was a mere affidavit of information filed by a friend of the court to advise the court of the true condition of the record, and that the court could require a restitution after execution of

the judgment, which was legally vacated and set aside by the court issuing the judgment.

Relator is now attempting to obtain the $2,000.16 which he was forced to return to respondents. The record shows that this money had been impounded by Ratliff, and that respondents have no further sums in their hands applicable to the payment of relator's obligations. Furthermore, in Revell v. Dishong, *supra,* it was held that the lower court could not have properly entered the original peremptory writ (directing the City to pay Revell the $2,000.16 in controversy) had it been cognizant of the real facts as they existed.

We find no errors harmful to plaintiff in error. It follows that the judgment of the lower court should be affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAP-MAN and THOMAS, J. J., concur.