221 So.2d 786 (1969)
KASH N'KARRY WHOLESALE SUPERMARKETS, INC., Appellant,
v.
Ceasar V. GARCIA, Appellee.
No. 68-458.
District Court of Appeal of Florida. Second District.
April 18, 1969.
Rehearing Denied May 16, 1969.
*787 David A. Maney, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellant.
G. Richard Christ and Everett Q. Jones, Tampa, for appellee.
McNULTY, Judge.
Ceasar V. Garcia sued appellant in a slip-and-fall negligence action. After the cause was at issue appellant filed a motion for summary judgment, and after hearing thereon the court reserved ruling. Five days later the trial court entered a final summary judgment in favor of appellant.
Counsel for appellee alleges that he did not receive notice of the entry of the aforesaid final judgment until after the time for filing a motion for rehearing. But an affidavit of the secretary to counsel for appellant alleges that she prepared a final summary judgment in favor of appellant, the original of which she forwarded to the trial judge for his signature. She further alleges that upon being notified by the judge's secretary that the aforesaid final summary judgment had been entered, she called the office of appellee's attorney to inform him of the entry thereof. Upon being informed that appellee's attorney was out of the office she alleges that she left a message with someone in his office, and subsequently mailed him a conformed copy of the judgment. The trial judge did not specifically resolve the patent conflict on this point.
More than ten days after the entry of the aforesaid final summary judgment, plaintiff's counsel filed two motions in an effort to set aside the judgment. One motion was filed pursuant to R.C.P. 1.530 praying for rehearing, and alleged as grounds therefor that "* * * Plaintiff's counsel was not advised of the entry of said judgment and had no knowledge of the same until the 8th day of July, 1968." The second motion was filed in accordance with R.C.P. 1.540 *788 (b), 31 F.S.A. praying for "relief" from the aforesaid judgment, and as grounds therefor alleged "newly discovered evidence." The two motions were called up for hearing, after which the trial judge set aside the summary judgment and directed that the cause proceed to trial. In his order, the trial judge did not specify which ground, or indeed, which motion was ruled upon; and it is this order from which appellant brings this interlocutory appeal.
Because the trial judge did not specify which motion was granted, and because, as we shall see, he was without authority to grant the motion for rehearing, we believe, and deem it appropriate to pause and say at this time, that interlocutory appeal is the proper method of review here. Appellate Rule 4.2, 32 F.S.A., dealing with interlocutory appeals, excepts from its operation a review of orders "* * * relating to motions for new trial, rehearing or reconsideration; * * *" But the appeal herein is more properly an appeal from an order entered pursuant to R.C.P. 1.540, as we shall also see; and a motion filed pursuant to this latter rule always presents new and collateral issues to the trial court and, unlike a motion filed pursuant to R.C.P. 1.530, does not pray for "rehearing" nor "reconsideration" of matters within the scope of the main issues in the case.[1] An interlocutory appeal, therefore, will lie to review an order relating to these new and collateral issues.
As we have already noted, the trial judge was without authority to set aside the final summary judgment pursuant to a motion for rehearing. This is so because it is clear such motion was not timely filed; and the rule permitting ex post facto enlargement of time[2] specifically excludes extending the time for filing such a motion. The order appealed from, therefore, could not legally be predicated upon this motion.
With regard to the second motion, i.e. for relief pursuant to R.C.P. 1.540, the "newly discovered evidence" relied upon consists of a purported statement against interest made by appellant's employees, which was overheard by the appellee Garcia at the time of his injury. His counsel set forth the substance of such evidence in an affidavit supporting the motion, as follows:
"At the time of his injury at the Kash N'Karry Wholesale Supermarket on the 10th day of May, 1966, the store manager or assistant manager said to the produce manager words to the effect that the store manager had told the produce manager to `keep that spot dry.' This occurred while the plaintiff was still on the floor and before he had been picked up."
It is further alleged by appellee's counsel that his client had not previously revealed this to counsel because he felt it was hearsay and because he "had forgotten it." Suffice it to say that this is clearly not "newly discovered evidence" as contemplated by R.C.P. 1.540. The purpose of this rule was to substitute the motion procedure outlined therein for the common law technicalities of the post judgment remedies of coram nobis, coram vobis, etc., which it specifically abolished.[3] The substance of these remedies was not changed, however,[4] and it is rudimentary that "newly discovered evidence" in this frame of reference was that which could not have been timely discovered by due diligence. The evidence relied upon in appellee's motion did not meet this test; and indeed was not evidence "newly discovered," rather it was "forgotten evidence newly remembered," and as such would not support an order granting relief pursuant to R.C.P. 1.540.
We therefore find that the trial court could not have granted either motion in the form and manner in which each was filed. But we can consider both motions in para materia, especially since the trial *789 judge did not specify the motion or ground ruled upon;[5] and if grounds for relief are stated, whether under one rule or the other, appellee should have his day on the merits. Considered in this light, it is apparent that appellee was in the right church but in the wrong pew; in other words, he alleged potentially meritorious grounds under one motion, when he should have alleged them in the other. His "newly discovered evidence," for instance, should have been urged in a timely motion for rehearing under R.C.P. 1.530; and had he done so, it would not have to meet the technical tests of "newly discovered evidence" required under R.C.P. 1.540. Almost any additional evidence, whether newly discovered or not, is sufficient for relief on a timely motion for rehearing of a summary judgment if in the discretion of the trial judge it presents a triable issue of a material fact. As we've seen, however, such evidence was not timely presented and, as a consequence, appellee cannot prevail on a motion for rehearing even if we transpose grounds.
But if we consider the grounds alleged under appellee's motion for rehearing as though they were alleged under R.C.P. 1.540, and if we further consider them in the light of all other facts and circumstances prima facie appearing in the record, we think they substantially set forth grounds of "excusable neglect" as also provided for in R.C.P. 1.540(b). We choose to so consider them.
At the outset, we observe that appellee's counsel was patently neglectful. As counsel of record he had a continuing duty to make sure of the current status of the case; particularly is this true as to critical time periods the tolling or running of which could affect his client's substantive rights. In this case, the mere expedient of checking the court records at least once every nine days would have virtually precluded any possibility of being without notice of the entry of the final summary judgment herein until it was too late to petition for rehearing.
But the question remains as to whether such neglect was "excusable." Errors and omissions of counsel in the conduct of pending litigation may be "excusable" when considered in the light of generally accepted practices and amenities with which he is familiar, and upon which he may have had a right to rely.[6] Here the record is silent as to the practice and procedure generally relied upon by and between attorneys in the Thirteenth Judicial Circuit regarding notice of the entry of judgments or orders and the like, in situations such as we have here; and the record is also silent regarding the amenities existing between bench and bar of that circuit insofar as they relate to preparation of orders to be signed by the court, notice given by the court to counsel, copies of orders to be forwarded to counsel or parties, and so forth. It is therefore impossible for us to say whether the neglect of appellee's counsel was "excusable" so as to open the door to relief under the aforesaid Rule 1.540. This question is more properly addressed to the sound legal discretion of the trial judge.[7]
If his neglect was excusable then we believe that within the contemplation of R.C.P. 1.540 the trial court, "upon such terms as are just" can put the parties back in the same position they were in prior to the final judgment which became final as a result of such neglect, and from which final judgment relief is sought.[8] In other words, it appears that if the neglect was excusable, the appropriate relief would be for the trial court to proceed as though appellee had *790 filed a timely motion for rehearing pursuant to R.C.P. 1.530.
We take note of another point here, which is also not resolved by the trial court's order or the record. That is, there is no specific determination as to whether appellee's counsel is chargeable with notice of the entry of the final judgment herein by imputation, from a finding that his office, if not he personally, was in fact adequately notified. Such a determination by the trial court would, of course, be highly relevant to the issue of any excusable neglect.
We remand the cause, therefore, with directions that appropriate proceedings be held to determine whether excusable neglect, sufficient for relief under R.C.P. 1.540, was involved.
Reversed and remanded.
HOBSON, A.C.J., and PIERCE, J., concur.
NOTES
[1] See Jones v. Wilson (Fla.App.2d 1962), 146 So.2d 784.
[2] R.C.P. 1.090(b), 30 F.S.A.
[3] See Barns & Mattis, 1962 Amendments to the Florida Rules of Civil Procedure, 17 U.Miami L.Rev. 276 at p. 289 (1963).
[4] Id.
[5] See Johnson v. Sanders (Fla.App.1st 1968), 207 So.2d 744.
[6] See Flournoy v. Munson Bros. Co. (1906), 51 Fla. 198, 41 So. 398; and Segel v. Staiber (1932), 106 Fla. 946, 144 So. 875.
[7] Segel v. Staiber, id.
[8] See Zwakhals v. Senft (Fla.App.4th 1968), 206 So.2d 62.