KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order of dismissal, entered by the trial court dated January 26, 1979, dismissing its complaint against appellee inter-venor Metropolitan Dade County Water and Sewer Board (hereinafter referred to as Board) and appellees Cutler Ridge Associates and Cutler Ridge Mall, Inc. (herein *274 after referred to as Cutler Ridge). We reverse.
The basic question presented by this appeal is one of jurisdiction, i. e., whether the trial court or the Board had the proper jurisdiction to entertain the complaint. Our review of the record shows that the gravamen of the complaint was an action for breach of an oral contract. The determination of this question was made factually difficult because the contract was made in the form of an oral stipulation before the Board.
Prior to July 26, 1976, the southern portion of the Cutler Ridge Shopping Center was in the water and sewer service area of appellant. In July, 1976, Cutler Ridge asked the Board to remove that portion of the shopping center from appellant’s service area upon the ground that they wished to obtain service from the Miami-Dade Water and Sewer Authority (hereinafter referred to as the Authority), which was better able to provide service, particularly adequate fire-flow, to the area. At the hearing before the Board on the request for removal of the service area, appellant had no objection provided that it first receive the payment of just compensation for the loss of its facilities in the area. Cutler Ridge then stipulated and agreed to pay appellant just and reasonable compensation for said facilities. The Board then entered orders which provided that appellant “. . . shall receive just and reasonable compensation for whatever costs are involved in the relocation of lines or other work involved in this process” and “. . . the Board shall hold a public hearing to determine the fair value, if any, of property abandoned by Florida Water and Utilities, Inc., . . . ” Because appellant and Cutler Ridge could not agree upon the amount of compensation, appellant filed its complaint (the subject of this appeal) for damages for the breach of the oral contract made before the Board.
The Board at a further hearing on July 28, 1976, apparently because of the parties’ discussions before it at the July 26, 1976, hearing that the Board act as an arbitrator on the question of compensation, entered an order (Order No. 76-136-A) incorporating the concept of “final” arbitration in accordance with Chapter 682, Florida Statutes.[1] Appellant determined that the Board at this posture of the matter lacked jurisdiction over the compensation question and filed its complaint asking the trial court (circuit court) to determine the amount of compensation.
The trial court in its order of dismissal decided that pursuant to the “primary jurisdiction” doctrine, see State v. Tampa Electric Co., 291 So.2d 45 (Fla. 2d DCA 1974), the cause of action set forth in the complaint, i. e., basically, setting the amount of compensation, should be determined by the Board. Also see § 32-18 Code of Metro. Dade Co. Implicit within this decision was the assumption that the Board had jurisdiction, either as an arbitrator or otherwise, over the issues framed by the complaint. We must respectfully disagree with this decision. In our opinion, under the facts of this case, the Board lacked jurisdiction over the subject matter of the complaint. See City of Cape Coral, Florida v. G. A. C. Utilities, Inc. of Florida, 281 So.2d 493 (Fla.1973); Borough of Glen Rock v. Valley of Ridgeway, 25 N.J. 241, 135 A.2d 506 (1957); Appalachian Power Co. v. John Stewart Walker, Inc., 214 Va. 524, 201 S.E.2d 758 (1974); Art. V, § 5(b), Fla.Const.; Chap. 682 Fla. Statutes (1975); Dade County Home Rule Charter; and Chap. 32, Code of Metro. Dade Co. Because the Board lacked such jurisdiction, the doctrine of “primary jurisdiction” relied upon by the trial court was inapplicable. However, the trial court did have jurisdiction over the matter. See, e. g., English v. McCrary, 348 So.2d 293 (Fla.1977); State v. Dickenson, 103 Fla. 907, 138 So. 376 (1931); Chapman v. Reddick, 41 Fla. 120, 25 So. 673 (1899); and Art. V, § 5(b), Fla.Const. Accordingly, the cause is re *275 manded to the trial court with directions to reinstate the dismissed complaint.
Reversed and remanded with directions.

. On December 18, 1978, the assets of appellant were sold to Dade County and appellant ceased to function as a utility.