763 So.2d 1047 (1999)
Leo SPAZIANO, Appellant/Cross-Appellee,
v.
David T. PRICE and Price & Bryne, Appellees/Cross-Appellants.
No. 98-1475.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
*1048 Steven Warm, Boca Raton, for appellant/cross-appellee.
John P. Joy, and Kenneth L. Valentini of Walton Lantaff Schroeder & Carson, Miami, for appellees/cross-appellants.
HAZOURI, J.
Leo Spaziano (Spaziano) appeals from a final judgment upon a jury verdict for David T. Price (Price) and his law firm, Price & Byrne (the firm) arising from a claim of legal malpractice against them. Price and the firm cross-appeal.
Spaziano raises four points on appeal and we choose to address point II as to whether the trial court erred in failing to direct a verdict of liability for Spaziano at the conclusion of the presentation of all the evidence. We find the trial court did not err in denying the directed verdict and affirm the final judgment. The remaining points on appeal raised by Spaziano are without merit and since we affirm the judgment in favor of Price, we do not reach the point raised on the cross-appeal.
On November 22, 1984, Spaziano and a friend were in the Bahamas scuba diving from his boat. Spaziano hired someone to captain the boat during his vacation because he was unfamiliar with the local waters. The boat propeller broke on a reef and Spaziano, his friend and the boat captain found it necessary to return to Fort Lauderdale to obtain a replacement propeller. Spaziano chartered a plane to Fort Lauderdale and then chartered a return flight through Air South. On the return flight the chartered plane approached Bimini to go through customs; they encountered bad weather and for some unknown reason the pilot failed to engage the landing gear and landed with "wheels up" allegedly causing injury to Spaziano.
Shortly thereafter Spaziano returned to New Jersey eventually retaining Manchel, Lundy & Lessin, a law firm in Philadelphia, which held itself out as specializing in airplane accidents. The attorneys who were handling his case were Joan Atlas (Atlas) and Galen Hawk (Hawk). Because Atlas and Hawk felt it was necessary to file the case in Florida, they contacted Price to assist in the representation of Spaziano. Price first met with Spaziano in the Manchel firm's office in Philadelphia on August 15, 1986. Atlas and Hawk were present at the meeting. Price was given a memorandum prepared by Hawk which concluded that the Florida four year statute of limitations on negligence applied to this incident. Price and the firm accepted representation of Spaziano.
On July 8, 1988, Price filed suit in Dade County against Air South for injuries allegedly arising from the incident of November 22, 1984. As the case progressed, Air South filed a motion for summary judgment asserting as one of its grounds that the cause of action was barred by the Warsaw Convention's two year statute of limitations. Price had failed to file the cause of action within the two year statute of limitations and a final summary judgment was granted. The final summary judgment was appealed to the third district court of appeal which per curiam affirmed without opinion. Price attempted to revive Spaziano's cause of action by filing a complaint in the Bahamas but it was dismissed for lack of jurisdiction and because of the doctrine of res judicata.
At the trial of the legal malpractice action, Price asserted that he was not negligent *1049 because he was entitled to rely upon the opinion of Hawk that a four year statute of limitations applied as opposed to the two year statute of limitations mandated under the Warsaw Convention. This contention is without merit.
Price and the firm undertook representation of Spaziano in this matter and are required to bring to that representation the requisite knowledge and skill to determine the appropriate statute of limitations in an incident such as this one. Price's reliance on Hawk's determination that the four year statute of limitations applied cannot negate Price's responsibility for failing to timely file suit. Price and the firm have a continuing duty to make sure of the current status of the case, which is particularly true as to critical time periods such as a tolling or running of a statute of limitations which would affect the substantive rights of their client. See Kash N' Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786, 789 (Fla. 2d DCA 1969).
Price testified that he had read the Warsaw Convention and somehow determined that it was inapplicable. The relevant sections provide:
Chapter I
Article 1
(1) This convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire. It shall apply equally to gratuitous transportation by aircraft performed by an air transportation enterprise.
Chapter III
Article 29
(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived or from the date on which the transportation stopped.
Warsaw Convention, Arts. 1, 29(1), 49 U.S.C.A. § 40105 note. It is clear that the two year statute of limitations applied to Spaziano's action against Air South. Despite Price's contention that he relied upon Hawk's determination of the applicable statute of limitations and Price's expert witnesses who testified that relying on another attorney's determination as to the statute of limitations was not below the standard of care, this court finds that Price's conduct clearly fell below a reasonable standard of care for representation of Spaziano and therefore Price and the firm were negligent.
This, however, does not end the inquiry. At the close of all the evidence Spaziano moved for a directed verdict on liability which was denied. Price presented substantial evidence that Spaziano was not injured in the airplane accident. In light of the conflicting testimony concerning whether or not Spaziano, in fact, sustained any injury as a result of the airplane accident,[1] the trial court was correct in denying the motion for directed verdict on liability. Spaziano could have made a separate motion for a directed verdict on negligence. The trial court has no obligation to interpret a motion for directed verdict on liability to contain within that motion a separate motion for a directed verdict on negligence.
The question submitted to the jury was whether there was negligence on the part of Price which was a legal cause of loss, injury or damage to Spaziano. The jury chose to answer that question in the negative. As the question was phrased it is not clear whether the jury found that there *1050 was no negligence on the part of Price or there was no negligence which was a legal cause of loss, injury or damage to Spaziano. A review of the standard jury instructions reveals a distinction between negligence and liability. Florida Standard Jury Instruction (Civil) 3.1(c) in combination with 3.6(c), which applies when there has either been an admission that a defendant was negligent or a determination by way of a directed verdict that a defendant was negligent, reads as follows:
The court has determined and now instructs you, as a matter of law, that the defendant was negligent. The issue for your determination on the claim of the plaintiff is: whether such negligence was a legal cause of loss, injury or damage sustained by the plaintiff.

(Emphasis added).
Florida Standard Jury Instruction (Civil) 3.1(d) applies when there is a directed verdict on liability and reads as follows:
The Court has determined and now instructs you as a matter of law that the defendant was negligent and that such negligence was a legal cause of loss, injury or damage to the plaintiff. The plaintiff is therefore entitled to recover from the defendant for such loss, injury or damage as is shown by the greater weight of the evidence to have thus been caused.
(Emphasis added).
Since there was conflicting evidence concerning causation of the damages, it was for the jury to resolve these disputed issues of fact. Therefore, the judgment is affirmed.
STEVENSON and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] An example of just one area of conflict in the medical testimony, Spaziano contended that as a result of the air plane crash, he sustained permanent brain damage and was suffering from post traumatic stress disorder. During the course of the trial it was revealed that several years prior to the airplane accident, Spaziano had suffered a gun shot to the head which one doctor testified could cause post traumatic stress disorder.